IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00140-LTB

UNITED STATES OF AMERICA

        Plaintiff,

v.

1.   MICHAEL DESTRY WILLIAMS,
     a/k/a "Will Williams,"

        Defendant.

_____

**SUPERSEDING INDICTMENT**
**18 U.S.C. §514**
**18 U.S.C. §1344**
**26 U.S.C. §7201**
**26 U.S.C. §7212(a)**
**31 U.S.C. §5324(a)(3), (d)**
**18 U.S.C. §2**

_____

The Grand Jury charges that:

**<u>GENERAL ALLEGATIONS</u>**

At all times material to this indictment:

1.   The defendant, MICHAEL DESTRY WILLIAMS, was a resident of Pueblo and Pueblo County, Colorado.

2.   Defendant WILLIAMS was self-employed as a general contractor focusing primarily on residential construction projects, including roofing, remodeling and the repair and restoration of residential structures sustaining fire and water related damage.

3.   Defendant WILLIAMS was also self-employed as a real estate investor involved in the purchase, renovation and resale (commonly known, as "fixing and flipping") of residential properties.

4.   Greenview Construction, Inc. (hereinafter, "Greenview") was a Colorado corporation through which defendant WILLIAMS primarily conducted his general contractor construction business. Defendant WILLIAMS was the beneficial owner of 100% of the shares of Greenview, was its sole or principal officer, and was responsible for overseeing and controlled all facets of the operation of Greenview.

5.   M.D. Williams, Inc. (hereinafter, "MDW, Inc.") and M.D. Williams Enterprises, Inc. (hereinafter, "MDWE"), its successor, were Colorado corporations through which defendant WILLIAMS primarily conducted his real estate investment business. Defendant WILLIAMS was the beneficial owner of 100% of the shares of MDW, Inc. and MDWE, was their principal officer, and was responsible for overseeing and controlled all facets of their operations.

6.   Colorado Housing & Investment Program, L.L.C. (hereinafter, "CHIP") was a Colorado limited liability company that primarily consisted of a small group of individual investors who pooled their funds and extended short term construction financing and bridge loans for residential real estate

2

construction projects.  CHIP's primary source of income was the interest that it charged on these loans.  CHIP made distributions of the interest that it was paid on these loans and the other profits that it realized from its operations quarterly to its members on a pro rata basis in accordance with its members' principal investment in CHIP.  CHIP reported the payments that it made to its members, including members' individual shares of its income, both to its members and the Internal Revenue Service (hereinafter, "IRS")on an annual basis in IRS Schedules K-1 that were prepared and issued together and in connection with CHIP's annual federal income tax returns.

7.   Defendant WILLIAMS was a member of CHIP, investing in the limited liability company in an individual capacity.

**<u>COUNT 1</u>**

8.   The allegations set forth in paragraphs 1 through 7 of this indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

9.   From at least on or about April 1, 2005 and continuing until at least on or about January 11, 2008, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, the defendant,

**MICHAEL DESTRY WILLIAMS,<br>a/k/a "Will Williams,"**

did willfully attempt to evade and defeat the assessment of a substantial amount of income tax and self-employment tax due and

3

owing by him to the United States of America for calendar year 2005, by failing to make an income tax return on or before April 17, 2006, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax and self-employment tax, and by engaging in and causing the following acts:

A.   Over the course of April 2005 through July 2005, issuing checks to himself from Greenview's bank account totaling $4,500, which checks he then caused to be recorded in Greenview's accounting books and records as payments by Greenview for consulting fees;

B.   Over the course of July 2005 through November 2005, causing CHIP to issue checks for its quarterly distributions to him through checks made payable to MDW, Inc., which checks he then deposited into a bank account for MDW, Inc. and MDWE;

C.   Following his receipt of CHIP's Schedule K-1 for him for 2005, reporting the foregoing and other payments to him from CHIP over the course of 2005, contending that his investment in CHIP was through his corporations, MDW, Inc. and MDWE, and not individually, and sending a letter dated April 10, 2006 to CHIP's accountant indicating that the use of his social security account number in the Schedule K-1 as the taxpayer identification number (hereinafter, "TIN") for the investment was fraudulent and incorrect and that the TIN for MDWE was the correct TIN to be used for tax reporting purposes for his investment in CHIP;

D.   On or about November 28, 2005, in connection with his sale of a real estate parcel located at 333 W. Hidalgo Drive, Pueblo, Colorado, a property that he held individually, executing an IRS Form W-9 falsely representing that the seller of the 333 W. Hidalgo Drive property was MDW, Inc. and identifying MDWE's TIN as the TIN for the seller, thereby causing the title company conducting the closing of the sale of this property to report the proceeds that he received on the sale to be reported to the IRS under MDWE's TIN;

E.   In or about late November or early December 2007, representing to an accountant whom he had engaged to

4

prepare corporate federal income tax returns for Greenview and MDWE (hereinafter, the "corporate return tax preparer") that both corporations were not owned directly by him but rather through a purported trust, which he identified as "Millstone," which owned all the shares of both corporations;

F.   In connection with the foregoing representation, applying to the IRS for a TIN for Millstone and representing in the application that the trustee of Millstone was an individual identified herein as "R.M.McK," a sub-contractor who worked for defendant WILLIAMS in his construction business;

G.   Providing the corporate return tax preparer with a letter from the IRS, dated December 5, 2007, issuing a TIN to Millstone, through its purported trustee, R.M.McK;

H.   On or about December 7, 2007, signing and then causing to be filed with the IRS a corporate income tax return for Greenview, on IRS Form 1120, for the year 2005, which return:

   1.   Represented that Millstone Trust owned 100% of the shares of Greenview; and

   2.   Represented that Greenview had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which incorporated payments that he had, in fact, received from Greenview for 2005 into a broader category of consulting fees and other costs of goods sold by the corporation for the year.

I.   On or about January 11, 2008, signing and then causing to be filed with the IRS a corporate income tax return for MDWE, on IRS Form 1120, for the year 2005, which return:

   1.   Represented that Millstone owned 100% of the shares of MDWE; and

   2.   Represented that MDWE had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which incorporated payments that he had, in fact, received from MDWE for 2005 into a broader category of purchases that

5

MDWE had made for the year, a component of its costs of goods sold.

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

**COUNT 2**

10. The allegations set forth in paragraphs 1 through 7 of this indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

11. From at least on or about November 9, 2005 and continuing until at least on or about January 11, 2008, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, the defendant,

**MICHAEL DESTRY WILLIAMS,**
**a/k/a "Will Williams,"**

did willfully attempt to evade and defeat the assessment of a substantial amount of income tax and self-employment tax due and owing by him to the United States of America for calendar year 2006, by failing to make an income tax return on or before April 17, 2007, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax and self-employment tax, and by engaging in and causing the following acts:

    A.   On or about November 9, 2005, executing, and causing an employee, an individual identified herein as "DRCW", and an associate to execute, various documents purporting to create a trust in the name of "Skyview," which documents, among other things, described DRCW as the "settlor" of the trust and defendant WILLIAMS as a manager of the trust;

6

B.   On or about April 13, 2006, in his purported capacity
     as trust manager, opening a brokerage account with RBC
     Dain Rauscher (hereinafter, "RBC") in the name of
     Skyview, and representing DRCW's social security
     account number as the account holder's social security
     account number/employer identification number on the
     account opening documents;

C.   Over the course of June 2006 through November 2006,
     issuing checks made payable to Skyview from Greenview's
     bank account totaling $91,000, which checks he then
     caused to be recorded in Greenview's accounting books
     and records as payments by Greenview for consulting
     fees to Skyview; depositing said checks into Skyview's
     RBC brokerage account; and using the proceeds of said
     checks for various purposes;

D.   Over the course of August 2006 through October 2006,
     issuing checks made payable to Skyview from MDWE's bank
     account totaling $13,000, which checks he then caused
     to be recorded in Greenview's accounting books and
     records as payments by MDWE for consulting expenses and
     profit payments to an associate; depositing said checks
     into Skyview's RBC brokerage account; and using the
     proceeds of said checks for various purposes;

E.   On or about March 30, 2006, in connection with his sale
     of a real estate parcel located at 427 Morrison Avenue,
     Pueblo, Colorado, a property that he held individually,
     executing an IRS Form W-9 falsely representing that the
     seller of the 427 Morrison Avenue property was MDW,
     Inc., thereby causing the title company conducting the
     closing of the sale of this property to report the
     proceeds that he received on the sale to be reported to
     the IRS under MDWE's TIN;

E.1. In connection with the foregoing sale, directing the
     title company to make the seller's proceeds check, in
     the amount of approximately $24,233, payable to MDW,
     Inc.; depositing the check into a bank account for
     MDWE; and thereafter recording the deposit as a
     management fee to MDWE in its accounting books and
     records;

F.   On or about August 22, 2006, in connection with his
     sale of a real estate parcel located at 1806 E. 8th
     Street, Pueblo, Colorado, a property that he held
     individually, executing an IRS Form W-9 falsely

7

representing that the seller of the 1806 E. 8th Street property was MDW, Inc. and identifying MDWE's TIN as the TIN for the seller, thereby causing the title company conducting the closing of the sale of this property to report the proceeds that he received on the sale to the IRS under MDWE's TIN;

F.1.   In connection with the foregoing sale, directing the title company to make a seller's proceeds check, in the amount of approximately $7,397, payable to MDW, Inc.; depositing the check into a bank account for MDWE; and thereafter recording the deposit as investment fee income to MDWE in its accounting books and records;

G.     Engaging in the affirmative acts described and set forth in sub-paragraphs 9A through 9G of this indictment, which sub-paragraphs are hereby re-alleged as if set out in full and incorporated herein by reference;

H.     On or about December 7, 2007, signing and then causing to be filed with the IRS a corporate income tax return for Greenview, on IRS Form 1120, for the year 2006, which return:

   1.   Represented that Millstone Trust owned 100% of the shares of Greenview; and

   2.   Represented that Greenview had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which characterized payments that he had, in fact, received (in the name of Skyview) from Greenview for 2005 as consulting expenses and incorporated them into a broader category of other costs of goods sold by the corporation for the year.

I.     On or about January 11, 2008, signing and then causing to be filed with the IRS a corporate income tax return for MDWE, on IRS Form 1120, for the year 2006, which return:

   1.   Represented that Millstone owned 100% of the shares of MDWE;

   2.   Represented that MDWE had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which incorporated

8

payments that he had, in fact, received from MDWE (through Skyview) for 2006 into a broader category of purchases that MDWE had made for the year or sub-contractor expenses of MDWE, both components of its costs of goods sold; and

3.   Included payments that defendant WILLIAMS received as proceeds on the sales of the 427 Morrison Avenue and 1806 E. 8th Street properties as gross receipts of MDWE for 2006.

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

## COUNT 3

12.   The allegations set forth in paragraphs 1 through 7 of this indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

13.   From at least on or about January 29, 2007 and continuing until at least on or about April 15, 2008, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, the defendant,

**MICHAEL DESTRY WILLIAMS,**
**a/k/a "Will Williams,"**

did willfully attempt to evade and defeat the assessment of a substantial amount of income tax and self-employment tax due and owing by him to the United States of America for calendar year 2007, by failing to make an income tax return on or before April 15, 2008, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax and self-employment tax, and by engaging in and causing the following acts:

9

A.   Over the course of January 2007 through August 2007,
     causing at least $7,800 in checks issued to him by CHIP
     to be deposited into Skyview's brokerage account at
     RBC;

B.   On or about May 18, 2007, causing a check in the amount
     of approximately $67,000 to be issued by a title
     company and made payable to Skyview, representing the
     repayment of principal and interest of a short term
     loan extended by defendant WILLIAMS (through Skyview),
     and depositing that check into Skyview's brokerage
     account at RBC.

In violation of Title 26, United States Code, Section 7201
and Title 18, United States Code, Section 2.

### COUNT 4

14.   The allegations set forth in paragraphs 1 through 5 of
this indictment are hereby re-alleged as if set out in full and
incorporated herein by reference.

15.   At all times material to this indictment, Sunflower
Bank was a domestic financial institution required, pursuant to
Section 5313(a) of Title 31, United States Code, and the
regulations promulgated thereunder, to file with the Secretary of
Treasury a Currency Transaction Report on FinCen Form 104 for
each deposit, withdrawal, exchange of currency or other payment
or transfer by, through or to such institution which involved a
transaction in currency of more than $10,000.

16.   From on or about July 28, 2008 through on or about
September 29, 2008, the exact dates being unknown to the Grand
Jury, in the State and District of Colorado, the defendant,

10

**MICHAEL DESTRY WILLIAMS,**
**a/k/a "Will Williams,"**

directly and through a person known to the Grand Jury,

did, for the purpose of evading the reporting requirements of

Section 5313(a) of Title 31, United States Code, and the

regulations promulgated thereunder, structure, cause to be

structured, and did command, counsel and assist in structuring a

transaction or transactions with domestic financial institutions,

to wit, the conversion of approximately $92,100 in funds on

deposit in a brokerage account with RBC Dain Rauscher, account

number 1101-7601-3631, opened by defendant WILLIAMS on behalf of

Skyview Trust (hereinafter, "Skyview Trust Account"), into United

States currency, through the following transactions with and

involving Sunflower Bank:

| Date | Transaction |
|------|-------------|
| 7/28/2008 | Negotiation of Skyview Trust Account Check No. 1003 in the amount of $9,400, payable to an individual identified herein as R.M.McK, in exchange for $9,400 in U.S. currency |
| 7/28/08 | Negotiation of Skyview Trust Account Check No. 1004 in the amount of $9,400, payable to Will Williams, in exchange for $9,400 in U.S. currency |
| 8/15/08 | Negotiation of Skyview Trust Account Check No. 1006 in the amount of $9,800, payable to Will Williams, in exchange for $9,800 in U.S. currency |
| 8/22/08 | Negotiation of Skyview Trust Account Check No. 1005 in the amount of $9,800, payable to Will Williams, in exchange for $9,800 in U.S. currency |

| 8/28/08 | Negotiation of Skyview Trust Account Check No. 1014 in the amount of $9,800, payable to Michael Desty [sic] Williams, in exchange for $9,800 in U.S. currency |
|---|---|
| 9/3/08 | Negotiation of Skyview Trust Account Check No. 1015 in the amount of $3,000, payable to Michael Desty [sic] Williams, in exchange for $3,000 in U.S. currency |
| 9/4/08 | Negotiation of Skyview Trust Account Check No. 1017 in the amount of $5,000, payable to an individual identified herein as R.M.McK, in exchange for $5,000 in U.S. currency |
| 9/10/08 | Negotiation of Skyview Trust Account Check No. 1018 in the amount of $9,800, payable to Michael Desty [sic] Williams, in exchange for $9,800 in U.S. currency |
| 9/19/08 | Negotiation of Skyview Trust Account Check No. 1020 in the amount of $9,800, payable to Michael Desty [sic] Williams, in exchange for $9,800 in U.S. currency |
| 9/19/08 | Negotiation of Skyview Trust Account Check No. 1021 in the amount of $6,500, payable to an individual identified herein as R.M.McK, in exchange for $6,500 in U.S. currency |
| 9/29/08 | Negotiation of Skyview Trust Account Check No. 1024 in the amount of $9,800, payable to Michael Desty [sic] Williams, in exchange for $9,800 in U.S. currency |

In violation of Title 31, United States Code, Section 5324(a)(3) and (d); Title 31, Code of Federal Regulations, Sections 103.22 and 103.63; and Title 18, United States Code, Section 2.

## **COUNT 5-6**

17. The allegations set forth in paragraphs 1 through 5 of this indictment are hereby re-alleged as if set out in full and

incorporated herein by reference.

18.  From on or about November 5, 2009 and continuing until
on or about November 19, 2009, the exact dates being unknown to
the Grand Jury, in the State and District of Colorado, the
defendant,

**MICHAEL DESTRY WILLIAMS,**
**a/k/a "Will Williams,"**

directly and through a person known to the Grand Jury,
devised a scheme and artifice to defraud Colorado East Bank and
Trust (hereinafter, "Colorado East"), a financial institution
whose deposits were and are federally insured.

19.  It was the purpose and object of the scheme and
artifice to defraud for the defendant, MICHAEL WILLIAMS,  to
obtain money from Colorado East by inflating and creating
fictitious balances in a checking account which had previously
been established and maintained with the bank in the name of an
individual identified herein as R.M.McK, doing business as
Greenview Construction (Colorado East Account No. 1465699101),
through the deposit of worthless fabricated United States
Treasury checks drawn on a fictitious account purportedly for the
benefit of defendant WILLIAMS with the United States Treasury
Department.

20.  It was part of the scheme and artifice to defraud that
defendant WILLIAMS did fabricate and cause to be fabricated
checks purportedly drawn on a specifically identified account

13

with the "United States Treasury, Financial Management Services, c/o Treasury UCC Contract Div.," and made payable to Greenview Construction. Defendant WILLIAMS then caused these checks to be deposited to the aforementioned Greenview Construction Account at Colorado East.

21.  As he then well knew, at no time did defendant WILLIAMS have an account with the United States Department of Treasury, and at no time were checks from the United States Department of Treasury in the amounts indicated issued to Greenview Construction.

22.  On or about the dates set forth below, as to each of the enumerated Counts, in the State and District of Colorado, the defendant,

**MICHAEL DESTRY WILLIAMS,**
**a/k/a "Will Williams,"**

executed and attempted to execute the aforesaid scheme and artifice to defraud, by conducting, directly and through others, the transactions set forth below:

| Count | Date | Transaction |
|-------|------|-------------|
| 5 | 11/9/09 | Deposit to Colorado East Account No. 1465699101 of a purported check identified as United States Treasury Check No. 1551, dated 11/5/09, in the amount of $25,000, payable to Greenview Construction |
| 6 | 11/12/09 | Deposit to Colorado East Account No. 1465699101 of a purported check identified as United States Treasury Check No. 1553, dated 11/5/09, in the amount of $30,000, payable to Greenview Construction |

14

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 7-9

23.   The allegations set forth in paragraphs 1 through 5 and paragraphs 18 through 22 of this indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

24.   On or about the dates set forth below, as to each of the enumerated Counts, in the State and District of Colorado, the defendant,

**MICHAEL DESTRY WILLIAMS,**
**a/k/a "Will Williams,"**

with the intent to defraud, did knowingly pass, present and utter, and attempt and cause to be passed, presented and uttered, the following false or fictitious instruments and items, appearing, representing, and purporting to be actual financial instruments issued under the authority of the United States:

| Count | Date | Purported United States Financial Instrument |
|---|---|---|
| 7 | 11/9/09 | A purported check identified as United States Treasury Check No. 1551, dated 11/5/09, in the amount of $25,000, payable to Greenview Construction, and issued by or on behalf of the "United States Treasury," through the "Financial Management Services, c/o Treasury UCC Contract Div." |
| 8 | 11/12/09 | A purported check identified as  United States Treasury Check No. 1553, dated 11/5/09, in the amount of $30,000, payable to Greenview Construction, and issued by or on behalf of the "United States Treasury," through the "Financial Management Services, c/o Treasury UCC Contract Div." |

| 9 | 2/3/10 | A purported check identified as  United States Treasury Check No. 1002, dated 1/14/2010, in the amount of $250,000, payable to "The Forth [sic] Judicial District Colorado Dept. of Justice," and issued by or on behalf of the "United States Treasury," through the "Financial Management Services, c/o Treasury UCC Contract Div." |

In violation of Title 18, United States Code, Sections 514(a)(2) and 2.

### COUNT 10

25.   The allegations set forth in paragraphs 1 through 5 of this indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

26.   In or about August 2005, defendant WILLIAMS was charged in the State of Colorado, El Paso County District Court, for the Fourth Judicial District, in Case No. 2005M6119, with criminal misdemeanor and traffic offenses arising from and relating to a traffic altercation on July 31, 2005 (hereinafter, "El Paso County Case 05M6119").  Defendant WILLIAMS was convicted on several of these charged offenses and sentenced in or about August 2006 to pay a fine and serve a term of probation.  Daniel Scott Wilson was a State of Colorado district judge presiding in the case.

27.   In or about February 2006, defendant WILLIAMS was charged in the State of Colorado, El Paso County District Court, for the Fourth Judicial District, in Case No. 2006M1224, with a

criminal misdemeanor offense arising from and relating to an
October 2005 complaint of alleged police misconduct made by him
in connection with the July 2005 traffic altercation
(hereinafter, "El Paso County Case 06M1224").  Defendant WILLIAMS
was convicted of the charged offense and sentenced in or about
October 2006 to a term of days in jail.  Karla J. Hansen was a
State of Colorado district judge presiding in the case.

28.  In or about 2005, defendant WILLIAMS was sued in a
civil action brought in the State of Colorado, Pueblo County
District Court, for the Tenth Judicial District, in Case No.
2005CV176, in connection with a contract and property dispute
(hereinafter, "Pueblo County Case 05CV176")  The presiding State
of Colorado district judge was Victor I. Reyes.  On or about
January 29, 2007, Judge Reyes issued an order finding for the
plaintiff in said civil action and ordering defendant WILLIAMS to
pay plaintiff certain specified sums of money.

29.  On or about October 28, 2008, defendant WILLIAMS caused
to be mailed to Henry M. Paulson, Jr., then the Secretary of
Treasury, correspondence and documents requesting, and relating
to a request, that funds in a purported personal Treasury
account, identified by a number corresponding to his Social
Security Account Number, be used, among other things, to settle,
pay and resolve his disputes in El Paso County Case 06M1224 and
Pueblo County Case 05CV176.  Among the documents defendant

17

WILLIAMS caused to be included in this mailing was an IRS Form 56, Notice Concerning Fiduciary, purporting to appoint Paulson and his successors as fiduciaries to act on behalf of defendant WILLIAMS to settle accounts and disputes and in connection with specified tax matters and a purported bond entitled "Non-Negotiable Unlimited Private Bond For Set-Off."

30.   Over the course of November 2008, defendant WILLIAMS caused to be mailed to the Secretary of Treasury Paulson correspondence and documents requesting, and relating to a request, that $300,000,0000 be deposited to the United States Treasury from defendant WILLIAMS' purported Treasury Account for the purpose of settling his various obligations, including obligations in El Paso County Case 06M1224.  Among the documents defendant WILLIAMS caused to be included in these mailings were IRS Forms 56 purporting to appoint, among others Judge Hansen, the Clerk of the El Paso County District Court and various El Paso County law enforcement officials as his fiduciaries to settle accounts and disputes in relation to Case 06M1224; copies of court documents and docket sheets in Case 06M1224 stamped, in part, "Accepted for Value by drawee"; and purported bonds in the amount of $300,000,000, entitled "Discharging and Indemnity Bond[s]," which bonds included Pueblo County Case 05CV176 and El Paso County Case 06M1224 and Judges Reyes and Hansen in a list of "accounts" and "account holders" to be satisfied by the bonds.

31.   Beginning on or about October 28, 2008, and continuing through on or about December 15, 2010, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, and elsewhere, the defendant,

**MICHAEL DESTRY WILLIAMS,**
**a/k/a "Will Williams,"**

directly and through a person known and unknown to the Grand Jury, did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by the following acts and means, among others:

A.   Causing to be mailed to the incumbent Secretary of Treasury the correspondence and documents described in paragraphs 29 and 30 of this indictment;

B.   Causing to be mailed to IRS offices in various locations, together with other documents,  IRS Forms 1099-A identifying El Paso County, Colorado as being a borrower of unspecified funds loaned to it by defendant WILLIAMS, in connection with El Paso Cases 06M1224 and 05M6119, and identifying Pueblo County, Colorado as being a borrower of unspecified funds loaned to it by defendant WILLIAMS, in connection with Pueblo Case 05CV176;

C.   Causing to be mailed to IRS offices in various locations, together with other documents, government contracting form documents – including completed form payment bonds, performance bonds, bid bonds, and releases of liens and sureties – purporting to settle matters involving El Paso County Cases 06M1224 and 05M6119 or relating to the attempted settlement of those cases;

D.   Causing to be mailed to IRS offices in various locations, separately or together with other documents, IRS Forms 56 appointing Judge Hansen and the Clerk of the El Paso County District Court, among others as fiduciaries to settle matters involving El Paso County Case 06M1224, and appointing Judge Wilson, among

others, to settle matters involving El Paso County Case 05M6119;

E.  Causing to be mailed to an IRS office correspondence enclosing copies of court documents in El Paso Case 06M1224, bearing stamps directing that the documents be forwarded to the U.S. Treasury for payment, and indicating that the documents should be used for settling and closing the account relating to said case;

F.  Causing to be mailed to the Clerk of the El Paso County District Court correspondence and a purported United States Treasury Check for $250,000 (as further described in Count 9 of this indictment), together with various IRS forms and other documents, purporting to settle El Paso County Case 06M1224;

G.  Causing to be mailed, on or about May 29, 2009, to Judges Hansen and Wilson in El Paso County and to Judge Reyes in Pueblo County, criminal information referrals on IRS Forms 3949-A, accusing each judge, among other things, of failure to disclose borrowed funds, failure to return borrowed funds, and failure to pay taxes on said funds and accusing each judge with committing the following particular income tax violations: failure to pay tax; unreported income; and failure to file return – all in apparent relation to his or her respective case involving defendant WILLIAMS;

H.  Causing to be mailed, on or about March 29, 2010, to the IRS's Ogden, Utah facilities and to the IRS's Criminal Investigation Division in Covington, Kentucky, together with copies of court documents and docket sheets in El Paso Case 06M1224 (stamped, in part, "accepted for value"), criminal information referrals on IRS Forms 3949-A, accusing Judge Hansen and the Clerk of the El Paso County District Court (identified by individual name) each of failure to disclose borrowed funds, failure to return funds to their beneficiary as directed, and failure to pay taxes on said funds and accusing each judge of committing the following particular income tax violations: false or altered documents; failure to pay tax; and unreported income; and

I.  Causing to be mailed, on or about December 15, 2010, to the IRS's Ogden, Utah facilities, attention the IRS's Criminal Investigation Division, together with various

20

IRS forms and other documents:

-- correspondence, among other things, accusing
   Judge Hansen and the Chief Judge of the El
   Paso County District Court, together with
   seven other individuals, (identified as two
   El Paso County District Court clerks, the El
   Paso County District Attorney and one of his
   deputies, and various El Paso County law
   enforcement officers), of failing to report
   and pay taxes in connection with borrowed
   funds in apparent relation to El Paso Case
   06M1224; and

-- criminal information referrals on IRS Forms
   3949-A, accusing Judge Hansen and each of the
   other eight individuals, among other things,
   each of failure to disclose borrowed funds,
   failure to return principal to the lender as
   directed, and failure to pay taxes on said
   funds and accusing each individual with
   committing the following particular income
   tax violations: organized crime; false or
   altered documents; failure to pay tax; and
   unreported income.

All in violation of Title 26, United States Code, Section 7212(a), and Title 18, United States Code, Section 2.

A TRUE BILL

Ink signature on file in Clerk's office
FOREPERSON


JOHN F. WALSH
UNITED STATES ATTORNEY


s/Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
Kenneth.Harmon@usdoj.gov