IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-000140-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.      MICHAEL DESTRY WILLIAMS,

      Defendant.

---

GOVERNMENT'S MOTION FOR PHYSICAL EXAMINATION OF
DEFENDANT IN AID OF DETERMINING WHETHER REASONABLE
CAUSE EXISTS TO CONDUCT MENTAL COMPETENCY PROCEEDINGS AND
DETERMINING DEFENDANT'S PHYSICAL CAPACITY TO STAND TRIAL

---

      The United States of America, by and through its undersigned counsel, respectfully moves the Court for an order directing that the defendant submit to a medical physical examination for the purposes of determining (1) whether there is reasonable cause to believe that the defendant may be currently suffering from a mental disease or defect such as to warrant competency proceedings pursuant to Title 18, United States Code, Section 4241 *et seq.*; or, alternatively (2) whether the defendant is currently suffering from a medical condition rendering him physically incapable of proceeding to trial as scheduled.

      In support, and as grounds for the motion, the government states as follows:

      1.      On or about July 15, 2013, the Court received and docketed a typewritten submission by the defendant in the form of a one page letter that appeared to complain about how, according to the defendant, his status and relationship *vis a ve* the named defendant in this case had been insufficiently recognized by either the Court or the law enforcement officers who

executed the arrest warrant in this case (DE 25).[1]  The defendant also appeared to complain about the arresting officers' failure to present a legitimate arrest warrant and documents reflecting their authority to arrest him.  He demanded an "in camera meeting to resolve the misunderstanding."[2]

2. As a preface to airing these apparent grievances, the defendant made the following statement:

> As I (the executor and the beneficiary being held as surety) am a permanently disabled American and have mercury poison [sic] and infection in my chest to my head, I am under the weather as they say, this is why I am having trouble talking in your court and understanding.

(*Id*.).

3. The defendant made similar statements during the course of his arraignment and other proceedings held in the case on July 8, 2012.  Over the course of the colloquy conducted by the Court as a part of a *Faretta* hearing to determine whether the defendant was knowingly and voluntarily waiving his right to counsel, *see, e.g., United States v. Long*, 597 F.3d 720, 723-24 (5th Cir.)(citing *Faretta v. California*, 422 U.S. 806 (1975)), *cert. denied*, 130 S.Ct. 3524 (2010), the defendant, in responding to questions about his physical and mental condition, stated that he was disabled and in pain and mentioned suffering from, or at one point having had, mercury poisoning.  He told the Court that he did not take any pharmaceutical drugs for his

---

[1] "DE refers to docket entries in this case.

[2] The foregoing constitutes the undersigned's best efforts to decipher the document. The undersigned is frankly at a loss to know whether or not the foregoing accurately summarizes the defendant's actual complaints, as letter appears somewhat incoherent and uses many terms and concepts alien to federal criminal proceedings and more typically found, if any place, in discussions of civil commercial matters.  The undersigned finds it difficult to fathom the writing, and the letter, to the undersigned, is little more than gibberish.

condition but rather treated his ailment with all natural remedies.  He denied being under the influence of drugs or medication and denied suffering from mental illness.[3]  At the conclusion of the colloquy, the defendant told the Court that he did not understand the charges against him because he was not the "defendant" in the case and did not accept the charges.  He also claimed not to be listening to the Court, and did not understand the Court or the matters discussed during the *Faretta* inquiry, because he was not the "defendant" or a defendant.[4]  He further claimed that he was not representing himself in the case because he would not participate in it.

    4.      The defendant's physical behavior at the July 8th hearing and his previous court appearances in this case appear to support his assertion that he is laboring under some sort of physical ailment.  During all three appearances, the undersigned counsel and government agents present at the hearings observed that the defendant, while addressing the Court, would periodically noticeably pause in mid-sentence, while twisting his body in his chair and appearing to grimace.  Further, the defendant claimed difficulty in his ability to hear the Court at the outset of the July 8th hearing, and the hearing did not proceed until he was furnished headphones to assist him. The defendant has also exhibited inappropriate, if not bizarre, behavior, at these

---

[3] The foregoing is based on the undersigned's best recollection, with aid of contemporaneous notes, of the defendant's statements at these proceedings.  The government has ordered a transcript of the proceedings and is prepared to supplement the record with a transcript, when it is prepared and received by the government.

[4] The defendant appeared to claim throughout the hearing that his true name was something to the effect of "Michael Destry, Family of Williams," and that the true defendant being charged was a trust with which he had some relationship.  The defendant insisted that the Court address him by this appellation and purported to arrest or revoke the presiding district judge's "bond" when he did not get a satisfactory response to this and others of his demands.  The defendant made similar claims and proclamations in appearances before two different magistrate judges leading up to the July 8th proceedings.

proceedings.  On June 27, 2013, during his initial appearance in the case, the defendant appeared noticeably agitated and was observed by the attending probation officer to be disruptive, belligerent and angry, speaking over the presiding magistrate judge in a loud voice.  At one point, while shackled, he stood in the jury box and tossed in the direction of government counsel's table copies of court papers that he had been furnished for the hearing. During a reading of the superseding indictment during his July 8th arraignment, the defendant was observed, after a while, to lean over and lay his head in his folded arms at the defense table.

     5.     Since his June 26, 2013 arrest in this case, the defendant has been held in United States Marshals Service custody at the GEO Aurora Detention Center, a contract facility in Aurora, Colorado.   Undersigned government counsel has consulted with a supervisory Deputy U.S. Marshal who is familiar with the defendant's detention at this facility.  The supervisory Deputy U.S. Marshal has conveyed that the GEO Aurora Detention Center is staffed by doctors and other medical personnel under contract with the U.S. Marshals Service.  However, medical staff do not typically examine or treat pretrial detainees at this facility, unless the detainee requests medical treatment or a life threatening medical condition is observed.  The supervisory Deputy U.S. Marshal further related that the defendant, like all pretrial detainees at the facility, received a medical screening upon intake to the facility, in order to ascertain whether the defendant had any immediate life threatening conditions, and no life threatening conditions were noted.  The defendant has not requested medical treatment since his arrival at the GEO Aurora Detention Center, however, and, according to this supervisory Deputy U.S. Marshal, it is unlikely that if  the  defendant is indeed suffering from mercury poisoning, the symptoms of this condition would be detected through the normal medical intake screening process.

**Argument**

It is well settled that a criminal trial of an incompetent defendant violates due process. *McGregor v. Gibson*, 248 F.3d 946, 951 (10th Cir. 2001); *United States v. Mackovich*, 209 F.3d 1227, 1231 (10th Cir.), *cert. denied*, 531 U.S. 905 (2000). The test for determining competency to stand trial is equally well established, requiring that the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Mackovich*, 209 F.3d at 1231-32 (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

The test is incorporated in the statutory framework established for raising and vetting competency issues in federal criminal prosecutions. Title 18, United States Code, Section 4241(d) requires that a trial court that finds, by a preponderance of the evidence, that a "defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," suspend the criminal prosecution and commit the defendant instead to the custody of the Attorney General for evaluation. The statute contemplates that the issue of a defendant's competency may be raised throughout the course of a criminal prosecution by either party or the trial court *sua sponte*, and requires the trial court, on either parties' motion or on its own motion, to order a hearing to determine a defendant's mental competency whenever "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings

against him or to assist properly in his defense." 18 U.S.C. § 3241(a). The trial court has discretion, moreover, prior to the hearing to "order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and ( c). 18 U.S.C. § 4241(b); *United States v. Jackson*, 179 Fed.Appx. 921, 931-32 (6th Cir.)(once a competency hearing motion is made, unless frivolous or not in good faith, the district judge should appoint a psychiatrist to examine the accused), *cert. denied*, 549 U.S. 1043 (2006).

What must be demonstrated to establish reasonable cause to trigger competency proceedings is not formidable. "In determining whether there is reasonable cause to order a competency hearing, a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." *United States v. Mason*, 52 F.3d 1286, 1290 (4th Cir. 1995)(citing cases). "[E]ven one of these factors standing alone may, in some circumstances, be sufficient." *Id*. (quoting *Drope v. Missouri*, 420 U.S. at 180). While "[m]edical opinions are 'usually persuasive evidence on the question of whether a sufficient doubt exists' as to the defendant's competence, ... [t]he trial court must 'look at the record as a whole and accept as true all evidence of possible incompetence' in determining whether to order a competency hearing." *Id*. (citations omitted). *See, e.g., United States v. Ghane*, 593 F.3d 775, 781-82 (8th Cir. 2010)(the substance of pro se filing and courtroom interruptions may be factors to consider but not dispositive). Courts have held that what is required is only a bona fide doubt as to the defendant's competency to trigger competency proceedings. *See, e.g. United States v. Ramirez*, 491 Fed. Appx. 65, 71 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1508 (2013); *United States v. Grist*, 299 Fed. Appx. 770

(10th Cir.)(in context of procedural due process claim arising out of failure to conduct competency hearing, test is whether a reasonable trial court judge should have experienced doubt with respect to competency to stand trial), *cert. denied*, 129 S.Ct. 1062 (2008).  And the relevant "inquiry is not to reasonable cause to believe that the accused is insane or lacking in requisite competency, but to reasonable cause to believe that he *may be* ..." *United States v. Crosby*, 739 F.2d 1542, 1545-46 (11th Cir.)(citations omitted)(emphasis in original)(evidence that defendant had neurological disorder causing thought process areas of brain to shrink, combined with evidence that defendant had headaches and difficulty remembering and inability to communicate with counsel, established probable cause to believe that defendant may not have been competent; error not to hold competency hearing under these circumstances), *cert. denied*, 469 U.S. 1076 (1984).[5]

Proceeding to trial with respect to a defendant deemed mentally competent, but not physically capable, of standing trial may also prove problematic and raise due process concerns.

---

[5]  *See also United States v. Johns*, 728 F.2d 953 (7th Cir. 1984)(bona fide, good faith doubt as to competency, such that psychiatric examination should have been ordered, based on defendant's behavior, including decision to plead guilty immediately without plea bargaining and silence when questioned by the court); *United States v. Grist, supra* (assuming, without deciding, that there was a bona fide doubt as to defendant's competency based on defendant's severe headaches and inability to concentrate and stay awake owing to recent head injury).

*Compare United States v. Ramirez, supra*, 491 Fed.Appx. at 71-72 (statements by defendant that he was "independent sovereignty" free from the jurisdiction of the federal courts and that as a "secured party creditor" he was protected from prosecution, while triggering a pretrial competency evaluation, did not, without more, warrant further competency proceedings during trial and at sentencing); *United States v. Herrera*, 481 F.3d 1266 (10th Cir. 2007)(no bona fide doubt as to competency for defendant who had staph infection and diabetes, where defendant did not claim problems at trial, nothing unusual observed about defendant's demeanor, there was no expert opinion that defendant was incompetent, and only general testimony about possible cognitive deficits associated with diabetes and staff infection).

"Courts have recognized that a defendant who is 'mentally competent' within the meaning of [18 U.S.C. § 4241 *et seq*.] may yet be 'physically incompetent'- unable, by virtue (for example) of a painful physical condition or the temporary effects of narcotics, to participate effectively in his own defense." *United States v. Schaffer*, 433 F.2d 928, 930 (5th Cir. 1970).

"The case of physical incapacity is distinct from mental incapacity. There is no statutory provision that allows for an official finding of physical incapacity." *United States v. Gigante*, 982 F. Supp. 140, 168 (E.D.N.Y. 1997)(reviewing case law), *aff'd,* 166 F.3d 75 (2d Cir. 1999). "The currently accepted remedy when the defendant is mentally, but not physically capable of proceeding with trial is a continuance as appropriate." *Id*. A continuance for physical incapacity is something committed to the trial court's sound discretion. *United States v. Jones*, 876 F.Supp. 395, 397 (N.D.N.Y. 1995). This Court possesses inherent authority to require the defendant to submit to a physical examination to determine whether he is physically capable to stand trial in his current condition. *See United States v. Bender*, 331 F. Supp. 1074 (C.D. Cal. 1971). *Cf. United States v. Davis*, 93 F.3d 1286, 1295 (6th Cir. 1996)(acknowledging authority in context of non-custodial setting with defendant's consent); *Gurleski v. United States*, 405 F.2d 253, 267 (5th Cir. 1968)(acknowledging court's authority to order physical examination of witness to assist in determining witness competency), *cert denied*, 89 S.Ct. 2140 (1969).

Whether or not a bona fide, good faith doubt currently exists from the facts and circumstances of this case to question the defendant's competency to stand trial, a limited threshold physical examination is warranted, at this point, either to put to rest or to further explore concerns about the defendant's physical and medical condition that the defendant himself has interjected in this case. Such an examination should not require the defendant to speak

about the facts and circumstances of this case, and so will not implicate his Fifth Amendment right against self-incrimination.  The examination requested by this motion is simply for the purpose of determining whether the defendant is currently suffering from the effects of mercury poisoning or has some other physical ailment and whether his physical condition may affect his cognitive abilities in a way which may call into doubt his ability to understanding and follow the proceedings in this case or to conduct, or assist in conducting, his own defense, or, alternatively, may otherwise affect his physical ability to defend himself at trial.

WHEREFORE, the United States respectfully requests that the Court grant this motion and enter an order directing that the defendant submit to a medical physical examination for the purposes of determining (1) whether there is reasonable cause to believe that the defendant that the defendant may be currently suffering from a mental disease or defect such as to warrant competency proceedings pursuant to Title 18, United States Code, Section 4241 *et seq*.; or, alternatively (2) whether the defendant is currently suffering from a medical condition rendering him physically incapable of proceeding to trial as scheduled.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

by: s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402

E-mail: kenneth.harmon@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to counsel at the following e-mail addresses:

Martha H. Eskesen, P.C.
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone: (303) 486-6938
Facsimile: (303) 573-4921
E-mail: meskesen@eskesenlaw.com

    And I hereby certify that I have caused a copy of the foregoing to be mailed, by U.S. Mail, to defendant Michael Destry Williams at the following address:

Michael Destry Williams
GEO Aurora Detention Center
3130 North Oakland Street
Aurora, CO 80010

                                          s/ Kenneth M. Harmon
                                          KENNETH M. HARMON
                                          Assistant United States Attorney
                                          U.S. Attorney's Office
                                          1225 Seventeenth Street, Suite 700
                                          Denver, Colorado 80202
                                          Tel. No. (303) 454-0100
                                          Fax No. (303) 454-0402
                                          E-mail: kenneth.harmon@usdoj.gov