**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 12-cr-00140-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL DESTRY WILLIAMS,

    Defendant.

---

**ORDER GRANTING MOTION FOR PHYSICAL EXAMINATION
AND *SUA SPONTE* ORDERING MENTAL COMPETENCY EVALUATION**

---

    This matter is before the Court on the Government's July 29, 2013 "Motion for Physical Examination of Defendant in Aid of Determining Whether Reasonable Cause Exists to Conduct Mental Competency Proceedings and Determining Defendant's Physical Capacity to Stand Trial" (Doc. # 31), and the July 30, 2013 supplement thereto (Doc. # 35).  For the reasons discussed below, the motion is granted, and the Court, on its own motion, orders Defendant to undergo a mental competency evaluation.

    Under 18 U.S.C. § 4241(a), a district court is required to grant a motion for a competency hearing, or to order such a hearing on its own motion, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  Whether reasonable cause

exists under 18 U.S.C. § 4241(a) is a matter that rests in the district court's sound discretion. *United States v. Arenburg*, 605 F.3d 164, 169 (2d Cir. 2010).  When "determining whether there is reasonable cause to order a competency hearing, a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." *United States v. Mason*, 52 F.3d 1286, 1290 (4th Cir. 1995).

In the instant case, the Court found Defendant competent at his July 8, 2013 arraignment.  However, although Defendant appeared to understand the Court's questions and the nature of the charges against him at that time, several more recent events have caused the Court to reconsider its previous decision.  First, on July 15, 2013, the Court received several bizarre filings from Defendant. (*See* Doc. ## 23, 24, 25.)  For example, in a type-written letter Defendant states, in part:

> Please note that at the time the beneficiary was apprehended by the U.S. Marshals and the Pueblo Sheriff's Department failed to present a warrant of competent jurisdiction to himand [*sic*] refused to provide their letters of acceptance, certified copies of their bond, and certified copies of their oaths.
>
> I direct an in camera meeting to resolve the misunderstanding and to allow any and all public servants to come back in Honor and reclaim their bonds if they so choose and all are still fired.
>
> Failure to comply all stocks, bonds, securities, assets, currency is hereby arrested, seized and claimed of all corporations and or entities and their officers acting in or under color of law until the trust and beneficiary are made whole and/or brought before an article III common law court with a judge of competent jurisdiction.

2

(Doc. # 25.)  Second, Defendant has refused to accept discovery materials recently sent to him by the Government.  (*See* Doc. # 35-1.)  The Government has informed the Court that, in conjunction with such refusal, Defendant "has refused all other mail addressed to him by his given name, 'Michael Williams' or 'Michael Destry Williams,'" and will "only accept items addressed to him . . . as 'Michael-destry Family of Williams[.]'"  (Doc. # 35 at 2.)  Third, Defendant's stand-by counsel has informed the Court that Defendant has refused to see her and has refused mail sent by her, even though it was addressed to "Michael-destry Family of Williams."  (Doc. # 36.)  In light of these occurrences, the Court would benefit from a medical evaluation, under 18 U.S.C. § 4247, concerning Defendant's mental competency so as to determine whether reasonable cause exists under 18 U.S.C. § 4241(a) to hold a competency hearing.  The Government has not requested that the Court order such an evaluation, so the Court does so *sua sponte*.

Instead, the Government seeks a physical examination of Defendant so as to assess both his physical and mental capacity to stand trial.  (*See* Doc. # 31.)  At his July 8, 2013 arraignment, Defendant commented on being disabled and in pain and, at one point, mentioned suffering from mercury poisoning.  The Government asserts that Defendant's "physical behavior at the July 8th hearing and his previous court appearances in this case appear to support his assertion that he is laboring under some sort of physical ailment."  (*Id.* at 3.)  The Government states that its prosecuting attorney, and other Government agents "present at the hearings[,] observed that the [D]efendant, while addressing the

Court, would periodically noticeably pause in mid-sentence, while twisting his body in his chair and appearing to grimace." (*Id.*)  Defendant was also observed at the arraignment to "lean over and lay his head in his folded arms at the defense table." (*Id.* at 4.)  Accordingly, the Government seeks a physical examination of Defendant "for the purpose of determining whether the [D]efendant is currently suffering from the effects of mercury poisoning or has some other physical ailment . . . [that] may affect his cognitive abilities in a way which may call into doubt his ability to understanding [*sic*] and follow the proceedings in this case or to conduct, or assist in conducting, his own defense, or, alternatively, may otherwise affect his physical ability to defend himself at trial." (*Id.* at 9.)

     Although there "is no statutory provision that allows for an official finding of physical incapacity[,]" *United States v. Gigante*, 982 F. Supp. 140, 168 (E.D.N.Y. 1997), *aff'd*, 166 F.3d 75 (2d Cir. 1999), "[c]ourts have recognized that a defendant who is 'mentally competent' . . . may yet be 'physically incompetent' – unable, by virtue (for example) of a painful physical condition . . . to participate effectively in his own defense," *United States v. Schaffer*, 433 F.2d 928, 930 (5th Cir. 1970).  Given Defendant's statements regarding his physical health, as well as the Government's potentially corroborating observation of him, the Court agrees with the Government that "a limited threshold physical examination is warranted, at this point, either to put to rest or to further explore concerns about the [D]efendant's physical and medical condition . . . ." (Doc. # 31 at 8.)

4

For the foregoing reasons, it is ORDERED that the Government's "Motion for Physical Examination of Defendant in Aid of Determining Whether Reasonable Cause Exists to Conduct Mental Competency Proceedings and Determining Defendant's Physical Capacity to Stand Trial" (Doc. # 31) is GRANTED.  The Court finds as follows:

Defendant Michael Destry Williams currently is being held at the GEO Aurora Detention Facility in Aurora, Colorado, which may have arrangements with professional staff capable of performing a physical and psychiatric/psychological evaluation and providing a report to the Court and the parties.  For the reasons previously discussed, and pursuant to 18 U.S.C. § 4241(a), (b), and (c), and 18 U.S.C. § 4247(b) and (c), the Court hereby

ORDERS that a physical and psychiatric/psychological examination of Defendant Michael Destry Williams be conducted, and that a report thereof be filed with the Court UNDER RESTRICTION LEVEL 2, with access to both government and defense counsel.  It is

FURTHER ORDERED that, depending upon the conclusions of such physical and psychiatric/psychological report, the Court may set the matter of competency for a hearing under 18 U.S.C. § 4241.  It is

FURTHER ORDERED that: the Final Trial Preparation Conference set for August 12, 2013; the Jury Selection also set for August 12, 2013; and the 10-day Jury Trial set for August 19, 2013, are HEREBY VACATED.  It is

FURTHER ORDERED that, pending (1) receipt of the reports addressing Defendant's mental and physical evaluations and (2) the Court's decision as to

whether a competency hearing will be necessary in this case, the speedy trial clock WILL BE TOLLED.

DATED: August __02__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge