```
                                                                    1

  1               IN THE UNITED STATES DISTRICT COURT
  2                   FOR THE DISTRICT OF COLORADO
  3      Case No. 12-cr-00140-CMA
  4      _____
  5      UNITED STATES OF AMERICA,
  6           Plaintiff,
  7      vs.
  8      MICHAEL DESTRY WILLIAMS,
  9           Defendant.
 10      _____
 11              Proceedings before KATHLEEN M. TAFOYA, United
 12      States Magistrate Judge, United States District Court for
 13      the District of Colorado, commencing at 2:45 p.m., June 27,
 14      2013, in the United States Courthouse, Denver, Colorado.
 15      _____
 16              WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
 17      ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
 18      _____
 19                              APPEARANCES
 20              KENNETH HARMON, Assistant United States Attorney,
 21      appearing for the government.
 22
 23      _____
 24
 25                         INITIAL APPEARANCE


                   AVERY/WOODS REPORTING SERVICE, INC.
             455 SHERMAN STREET, SUITE 250, DENVER, CO  80203
                   303-825-6119       FAX 303-893-8305
```

                                                                  2

1                    P R O C E E D I N G S
2                 (Whereupon, the within electronically recorded
3     proceedings are herein transcribed, pursuant to order of
4     counsel.)
5                 THE COURT: All right.  The next matter is 12-cr-
6     140, United States of America versus Michael Destry
7     Williams.
8                 (Pause in the proceedings)
9                 THE COURT: Mr. Harmon, are you appearing on it?
10                MR. HARMON: I am, Your Honor.  I am here on this
11    -- that case.
12                THE COURT: All right.  Some of the documents that
13    I have in here talk about restricted.  Are -- is this all
14    unrestricted now?
15                MR. HARMON: This all needs to be unrestricted at
16    this point, Your Honor.
17                THE COURT: All right.  So the Court will
18    unrestrict this case at this point.  I just wanted to make
19    sure we weren't supposed to be -- if we were supposed to be
20    carrying on the proceedings not in open court.
21                MR. HARMON: No, this is fine.
22                THE COURT: All right.
23                MR. HARMON: It's all unrestricted.
24                THE COURT: All right. And, Mr. Williams -- is Mr.
25    Williams here?

3

1          MR. HARMON: He is.
2          THE COURT: Which one is he?
3          MR. HARMON: He's the second closest to me.
4          THE COURT: Oh.
5          MR. HARMON: The gentleman in the front row.
6          THE DEFENDANT: I'm not Mr. Williams.
7          THE COURT: Who are you?
8          THE DEFENDANT: I have exercised my international
9    right of self-determination.  I am not a United States
10   citizen, I am not a citizen of -- how do you put it --
11   United States of America, and I'm not a citizen of the State
12   of Colorado, the corporation.  I have exercised my right.
13   I have declared my citizenship to The United States of
14   America and to the state known as Colorado.
15         I have also taken an oath by a military officer
16   with witnesses, recorded all documents.  I hereby invoke
17   Article III Common Law Court and demand transfer to that
18   court.  This is not me.
19         THE COURT: Do you have a name?
20         THE DEFENDANT: You may address me as Michael
21   Destry.
22         THE COURT: All right.  I'll -- I'll address you
23   then as Michael Destry, since that's your desire.
24         THE DEFENDANT: Excuse me, hold on.  You may
25   address me as Michael Destry, but it has nothing to do with

1    the charges or whatever you want to call your corporation's
2    stuff over here, okay, it has nothing to do with me.  And if
3    this which has not defined to me as a petty offense court of
4    the United States completely voluntary and all public
5    servants in here associated with this case are hereby put on
6    notice, I do have a fee schedule in the public for all
7    commercial dishonors --
8             THE COURT: All right.
9             THE DEFENDANT: -- crimes --
10            THE COURT: Michael Destry, you've been charged in
11   an Indictment with -- in Counts 1 and 3 with tax evasion in
12   violation of Title 26, United States Code --
13            MR. HARMON: Judge, I want to -- I apologize.  Just
14   for the record, Mr. --
15            THE DEFENDANT: That was rude.  I accept --
16            MR. HARMON: -- Destry threw some court papers on
17   government counsel table.  I will give them to the marshals
18   in case he needs to follow along with this document upon
19   your further advisement, so I apologize for the
20   interruption, but I did --
21            THE COURT: All right.
22            MR. HARMON: -- think that needs to be made known
23   on the record.
24            THE DEFENDANT: Ma'am, if you continue forcing me
25   into this case --

5

1        THE COURT: Probably, marshals, you should take
2    control of the paperwork and --
3        UNIDENTIFIED SPEAKER: That's fine.
4        THE COURT: -- and not allow him to have anything
5    to throw.
6        THE DEFENDANT: If you -- if you keep going and
7    quit allowing me to speak --
8        THE COURT: Title 26, United States Code, Section
9    7201 --
10       THE DEFENDANT: -- I'm going to accept your
11   dishonor, ma'am, and I will pull your bond, Mrs. Public
12   Servant.
13       THE COURT: Counts 1 through 3 --
14       THE DEFENDANT: You are hereby noticed, act
15   accordingly.
16       THE COURT: -- carry a possible a penalty of not
17   more than five years' imprisonment, a $250,000 fine, or
18   both, together with the costs of prosecution, and a $100
19   special assessment fee.
20       Count 4 is a charge of structuring transactions to
21   evade reporting requirements in violation of Title 31,
22   United States Code, Section 5324(a)(3).  Count 4 carries
23   with it a possible penalty of not more than five years'
24   imprisonment, a $250,000 fine, or both, and a $100 special
25   assessment fee.

6

1          Counts 5 and 6 charge you with bank fraud in
2     violation of Title 18, United States Code, Section 1344.
3     Counts 5 and 6 carry with it, per count, not more than 30
4     years' imprisonment, a $1 million fine, or both imprisonment
5     and a fine, and a $100 special assessment fee.
6          THE DEFENDANT: You do understand this is not
7     voluntary on my point.
8          THE COURT: Counts 7 through 9 charge you with
9     fictitious obligations --
10         THE DEFENDANT: This is notice again.  I am not
11    giving my permission --
12         THE COURT: -- in violation of Title 18, United
13    States Code, Section 514.
14         THE DEFENDANT: -- or any volunteer to this public
15    servant to continue in this matter.
16         THE COURT: Counts 7 through 9 carry with them the
17    possible penalty of not more than 25 years' imprisonment, a
18    $100 fine -- or, excuse me --
19         THE DEFENDANT: Your dishonor is accepted again,
20    ma'am.
21         THE COURT: -- a $1 million fine, or both
22    imprisonment and a fine.  It also carries not more than five
23    years of supervised release, and a $100 special assessment
24    fee.
25         You're charged in Count 10 with interference with

1    administration of Internal Revenue laws in violation of
2    Title 26, United States Code, Section 7212(a).  That carries
3    with it a possible penalty of not more than three years'
4    imprisonment, a $250 fine, or both, and a $100 special
5    assessment fee.
6            Since Michael Destry, as he desires to be called,
7    is being disruptive in the court, I won't ask him any
8    further questions, but I have fully advised him of the
9    charges.  He has apparently refused to sign any kind of
10   financial affidavit, which is his right; however, at this
11   time I will appoint counsel to represent him because he
12   clearly is incompetent --
13           THE DEFENDANT: Rejected.
14           THE COURT: -- to represent himself.
15           THE DEFENDANT:  I am not part of your corporation,
16   I will not accept any of your privilege's benefit.
17           THE COURT: Is there any conflict with the Federal
18   Public Defender?
19           MR. HARMON: No, Your Honor.
20           THE DEFENDANT: I am the beneficiary of the entity
21   known as Michael Destry Williams --
22           THE COURT: I am going to appoint the Office of the
23   Federal Public Defender to represent him.
24           THE DEFENDANT: You are hereby noticed.  Again, you
25   keep continuing, I will accept another dishonor from you.

8

1                    THE COURT: We will have --
2                    THE DEFENDANT: They will be assessed at one
3      million silver species, ma'am.
4                    THE COURT: -- the followings hearings.  We need to
5      have an arraignment, which we will set for Tuesday, July 2nd
6      at 10 o'clock a.m.
7                    MR. HARMON: Judge, could I ask for an afternoon
8      setting, if possible, on that?
9                    THE COURT: An afternoon setting?
10                   MR. HARMON: Yes.
11                   THE COURT: All right.  2 o'clock?
12                   MR. HARMON: That's fine.
13                   THE COURT: All right.  So July 2nd, 2013 at 2
14     o'clock p.m. for the arraignment and a discovery conference.
15                   What's the government's position with respect to
16     bond?
17                   MR. HARMON: We're asking for detention and would
18     request three days to prepare.
19                   THE COURT: All right.  So, Michael Destry will be
20     held in the custody of the United States Marshal pending his
21     hearing on July 2nd, 2013 at 2 o'clock p.m. for a detention
22     hearing where the Court will take up the issue of bond.
23                   Anything further for the government?
24                   MR. HARMON: No thank you, Your Honor.
25                   THE COURT: All right, then we'll be in recess on

9

1      that matter.
2
3            (Whereupon, the within hearing was then in
4      conclusion at 2:52 p.m. on June 27, 2013.)
5
6
7            I certify that the foregoing is a correct
8      transcript, to the best of my knowledge and belief, from the
9      record of proceedings in the above-entitled matter.
10
11       /s/ Bonnie Nikolas                    September 9, 2013
12         Signature of Transcriber                   Date
13
14
15
16
17
18
19
20
21
22
23
24
25