IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00140-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     MICHAEL DESTRY WILLIAMS,

    Defendant.

## GOVERNMENT'S MOTION TO MODIFY GRAND JURY DISCLOSURE ORDER

The United States of America, by and through its undersigned counsel, respectfully moves the Court for an order modifying its July 16, 2013 Order to Disclose Grand Jury Material to Defendant (DE 28).[1] In light of the Court's recent ruling relieving defendant Williams' court-appointed counsel of any further responsibilities in connection with this case, the government requests that the order be modified to require that the U.S. Bureau of Prisons now maintain custody of the grand jury testimony transcripts, grand jury exhibits, and other grand jury materials that have been produced by the government in this case and, pursuant to the Court's July 16, 2013, made available to defendant Williams through court-appointed counsel.

In support, and as grounds for the motion, the government states as follows:

1.     On July 16, 2013, pursuant to Fed. R. Crim. P. 6(e), the government moved the Court for an order permitting it to disclose grand jury materials to the defendant, in connection with fulfilling its discovery obligations in this case (DE 27). As part of the motion, the

---

1     "DE" refers to docket entries in this case.

government requested that the grand jury materials it was seeking to disclose to the defendant be used only to defend the criminal case and that these materials be maintained in the custody of defendant Williams' advisory or standby counsel, or any successor defense attorney.  In granting the motion and ordering disclosure, the Court granted this request, directing in its July 16th Order that "the Defendant's standby and advisory counsel or, alternatively any successor attorney for the Defendant, shall maintain custody of such materials, and shall not reproduce or disseminate the same" (Order at 2).

      2.      On July 22, 2013, as part of its disclosure obligations in this case, the government produced to defendant Williams' court-appointed counsel approximately 2,049 pages consisting of grand jury testimony transcripts and grand jury exhibits.  The government produced these materials as computer images on a computer disk that also contained images of approximately 24,606 pages of non-grand jury disclosure materials in this case.  As indicated in a transmittal letter, these materials are accessible through self-executing software loaded onto the disk.  The transmittal letter also advised defendant Williams' court-appointed counsel that the government was sending directly to defendant Williams at the GEO Aurora Detention Center, where he was then being held, computer disks containing all of the discovery materials except for the 2,049 pages of grand jury materials.  The letter, a copy of which accompanies this motion as Exhibit 1, advised counsel that:

> Pursuant to the Court's Order entered July 16, 2013 in this case (Docket Entry 28), the grand jury materials are being produced and entrusted solely to you as the custodian of these materials for the defense for your provision to defendant Williams in a manner consistent with the limitations placed by the July 16th Order upon the dissemination and use of grand jury materials in this case.

      3.      The government simultaneously mailed defendant Williams computer disks containing the non-grand jury disclosure materials in this case, which included the self-executing

software allowing him to navigate through and review the materials, together with the transmittal letter and a discovery index.   However, as previously indicated to the Court, defendant Williams refused this correspondence, and the entire contents of the correspondence, including the computer disks, were returned to the U.S. Attorney's Office.

4. Over the course of various proceedings in this case, the Court clarified, limited and, at a scheduling conference held on September 24, 2014, ultimately eliminated the role of defendant Williams' court-appointed counsel in this case.   Defendant Williams currently proceeds *pro se* and has no counsel in connection with this case, either in a standby or advisory capacity.   It is probable that defendant Williams will continue to proceed in this manner and that no attorney will be associated with his defense of the case.   Given this, other arrangements should now be made to afford defendant Williams with access to the grand jury materials in this case (if he chooses to accept them), in a way that safeguards the secrecy of these materials, maintains the limited access to these materials and ensures that only appropriate use be made of the materials.

5. The defendant is currently detained awaiting trial in this case at the Federal Detention Center in Englewood, Colorado ("FDC Englewood"), a facility maintained and administered by the U.S. Bureau of Prisons.   Undersigned government counsel has reason to believe that this detention center has computer facilities that are accessible to its detainees that can be used to access the disclosure materials that were previously provided to defendant Williams and court-appointed counsel on computer disk.

6. The government wishes now to make the grand jury materials available to defendant Williams at FDC Englewood and is prepared to send defendant Williams a second discovery computer disk containing all of the scanned disclosure materials to date, which would include the grand jury materials. In order to do so, while achieving the objectives of safeguarding

3

the grand jury materials and ensuring only appropriate use, the government requests that the Court direct that the computer disk through which the government would provide these materials be maintained in the custody of the United States Bureau of Prisons at FDC Englewood and that defendant Williams have access to the disk in a restricted area that would prevent him from sharing the materials with persons not authorized to view the materials.   The government would request that the Bureau of Prisons be required to limit the defendant's physical access to this disk to this restricted area and that it prevent the defendant from removing any hard copies of the grand jury materials maintained on this disk from this area.[2]

WHEREFORE, the United States respectfully requests that the Court grant this motion and modify its July 16, 2013 Order to Disclose Grand Jury Material to Defendant (DE 28) to direct that the U.S. Bureau of Prisons receive and maintain custody of the grand jury materials that the government is making available to the defendant in this case and that it make these materials available to defendant Williams in a manner consistent with the limitations placed by the July 16th Order upon the dissemination and use of grand jury materials in this case.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

by: s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

---

[2]   The grand jury materials are designated and identified with Bates Stamp numbering that contains the prefix "GJ".

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of October, 2013, electronically filed the foregoing **MOTION TO MODIFY GRAND JURY DISCLOSURE ORDER** with the Clerk of the Court using the CM/ECF system, and that I caused a copy of the foregoing to be mailed, by U.S. Mail, to defendant Michael Destry Williams at the following address:

Michael-destry Family of Williams
Reg. No. 39714-013
Federal Detention Center
9595 W. Quincy Avenue
Littleton, CO 80123

                                               s/ Andrea K. Hough
                                               ANDREA K. HOUGH
                                               Office of the United States Attorney