IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00140-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    MICHAEL DESTRY WILLIAMS,

        Defendant.

---

**GOVERNMENT'S SECOND SUPPLEMENTAL NOTICE OF INTENTION TO OFFER EVIDENCE PURSUANT TO FED.R.EVID. 404(b)**
_____

      The United States of America, by and through its undersigned counsel, hereby provides this second supplemental notice to defendant Williams and to the Court of its intention or possible intention to offer in its case-in-chief at trial, pursuant to Federal Rule of Evidence 404(b), evidence of the conduct or acts, for purposes other than to show the character of the defendant and conformity therewith in the instant case.

      In accordance with Rule 404(b), the government provides the following description of the general nature of evidence which it will or may seek to offer pursuant to Fed.R.Evid. Rule 404(b), which evidence has previously been disclosed or made available to the defendants as part of the government's ongoing pretrial disclosures in this case. The government submits that not all of the evidence of the conduct and acts described below is, in fact, subject to the provisions of Fed.R.Evid. Rule 404(b) because the acts either are not criminal in nature or bad acts tending to impugn the character of the defendant, *United States v. Kendall*, 766 F.2d 1426, 1436 n. 5 (10th

Cir.1985)("[t]o fall within the scope of 404(b), an act need not be criminal, so long as it tends to impugn a defendant's character"), or because the acts concern evidence that is intrinsic to the charged conduct in this case and directly related to the proof of the elements of the charged offenses,[1] or both.   The government nonetheless hereby provides notice of its intention to offer in its case-in-chief evidence of the acts and conduct described below, in order to preserve the opportunity to seek admission of the evidence pursuant to Fed.R.Evid. Rule 404(b), in the event that the Court concludes that the admission of such evidence is governed under Rule 404(b).

     A.     The government intends to offer evidence of a home equity line of credit that defendant Williams obtained from Sunflower Bank (f/k/a First National Bank of Colorado) in or about 2002.   The evidence concerns records that the defendant submitted to the bank initially as part of applying for the line of credit and over the course of succeeding years as part maintaining the line of credit.   The records consist of a uniform residential loan application, personal financial statements, financial statements for one of defendant Williams's businesses, Greenview Construction, and purported federal income tax returns for himself individually and for Greenview

---

[1] The Tenth Circuit has long recognized the distinction between "extrinsic act evidence," the admission of which is subject to the analytical framework of Fed.R.Evid. Rule 404(b), and "intrinsic act evidence," which is not.   *See, e.g., United States v. Dougherty*, No. 08-8037, 2009 WL 990526, 321 Fed.Appx. 762, 765 (10th Cir. 2009); *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009); *United States v. James*, No. 06-7072, 2007 WL 521247, 217 Fed.Appx. 776, 780-81 (10th Cir.2007); *Elliot v. Turner Construction Co.*, 381 F.3d 995, 1004 (10th Cir. 2004).   "Generally speaking, '[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense.'" *United States v. Parker*, 553 F.2d at 1314 (citations and alterations omitted).

     Intrinsic evidence includes evidence that is *res gestae* of the offense conduct at issue in the case, *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir.1995) or that which is "inextricably intertwined" with or intrinsically related to the charged offense "to the extent that testimony and evidence sought to be admitted would be confusing and incomplete without such evidence," *United States v. Oles*, 994 F.2d 1519, 1522 (10th Cir.1993), or is "part of a single criminal episode." *United States v. James*, 217 Fed.Appx. at 781.

Construction for 2000 and 2001. These records have been listed as potential exhibits on the government's exhibit list and have previously been made available to defendant Williams in discovery.[2]

The government intend to offer this evidence for the non-character purpose of establishing that properties that defendant Williams sold in 2005 and 2006 (referenced in Counts 1 and 2 of the Superseding Indictment) – 333 W. Hidalgo Drive, Pueblo, Colorado; 427 Morrison Avenue, Pueblo, Colorado; and 1806 E. 8th Street, Pueblo, CO – were his personal assets, as claimed to the bank, and not assets of his corporation, M.D. Williams, Inc., as represented to the Title company closing these transactions in the context of completing tax reporting documentation.

The government further intends to offer the purported federal income tax returns for 2000 and 2001, which returns were not filed with the IRS, to demonstrate, among other things, that defendant Williams was aware of his federal tax reporting obligations and knew that his circumstances required him to file tax returns for both himself and his corporations, notwithstanding various contemporaneous and subsequent written and oral statements by him maintaining that he was exempt from federal income taxation and not required to file individual federal income tax returns. The government offers evidence of these purported returns and their submission to establish that defendant Williams acted willfully in engaging in the tax evasion conduct charged in Counts 1 through 3 of the Superseding Indictment.

                                                      Respectfully submitted,

                                                      JOHN F. WALSH
                                                      United States Attorney

---

2      The exhibits concerning this evidence have been marked as Government's Exhibit Numbers 443 through 447d

      by: s/ Kenneth M. Harmon  
      KENNETH M. HARMON  
      Assistant United States Attorney  
      U.S. Attorney's Office  
      1225 Seventeenth Street, Suite 700  
      Denver, Colorado 80202  
      Tel. No. (303) 454-0100  
      Fax No. (303) 454-0402  
      E-mail: kenneth.harmon@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and will undertake provide a copy of the same to defendant Williams in open court on Monday, October, 21, 2013 and to cause a copy of the foregoing to be mailed, by U.S. Mail, to him at the following address:

Michael-destry Family of Williams  
Reg. No. 39714-013  
Federal Detention Center  
9595 W. Quincy Avenue  
Littleton, CO 80123

      s/ Kenneth M. Harmon  
      KENNETH M. HARMON  
      Assistant United States Attorney  
      U.S. Attorney's Office  
      1225 Seventeenth Street, Suite 700  
      Denver, Colorado 80202  
      Tel. No. (303) 454-0100  
      Fax No. (303) 454-0402  
      E-mail: kenneth.harmon@usdoj.gov