# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00140-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     MICHAEL DESTRY WILLIAMS,

        Defendant.

## GOVERNMENT'S OBJECTIONS TO THE PROVISIONAL PRESENTENCE INVESTIGATION REPORT

The United States of America (the government), by and through Kenneth M. Harmon, Assistant United States Attorney for the District of Colorado, submits the following objections to the following specified paragraphs of the provisional Presentence Report of Investigation (hereinafter, "PSIR") filed in this case (DE 100):[1]

**PSIR ¶¶ 137-139, 155:**

The provisional PSIR in paragraphs 137 through 139 places the defendant in Criminal History Category II, based on the determination that the defendant has a total criminal history score of 2 points, as the result of his 90-day jail sentence a State of Colorado criminal misdemeanor false reporting case, El Paso County Case No. 2006M1224 (hereinafter, "El Paso County Case 06M1224"). Based on this criminal history classification, the provisional PSIR, in turn, calculates that the defendant's advisory sentencing guideline range is an imprisonment range

---

[1]     "DE" refers to docket entries in this case.

of 51 to 61 months (PSIR ¶ 155).

The government objects to these paragraphs based on its view -- as articulated in the Government's Sentencing Statement (DE 98 at ¶ V, pp. 44-45), a pleading which the government incorporates herein by reference -- that defendant's total criminal history score is, in fact , 4 points, a total score that results from assessing 2 criminal history points against the defendant for the 90-day jail sentence in El Paso County Case 06M1224, plus an additional 2 criminal history points because the defendant committed part of the offense conduct in this case while deemed to be on escape status in El Paso County Case 06M1224. U.S.S.G. §§ 4A1.1(d), 4A1.2(n) (failure to report for service of a sentence of imprisonment shall be treated as an escape from such sentence).   As set forth in the Government's Sentencing Statement, this total criminal history score places the defendant in Criminal History Category III and, in turn, results in an advisory sentencing guideline imprisonment range of 57 to 71 months based on the Total Offense Level score of 23 calculated both by the government and the United States Probation Office.

The facts supporting the view that the defendant was on escape status, within the meaning of the Sentencing Guidelines, while committing part of the offense conduct in this case, are summarized in the following passage of the Government's Sentencing Statement, which passage is reiterated in the offense conduct section of the provisional PSIR:

> Judge Hansen had been the presiding judge presiding *[sic]* in the case and, on October 19, 2006, following the defendant's conviction by a jury, had sentenced the defendant to a 90-day jail term, which she stayed when the defendant initiated an appeal. *After the appeal was dismissed, Judge Hansen ordered the defendant to appear for a hearing on December 14, 2007, in connection with completing his jail sentence, but when he failed to appear at the hearing, she issued a warrant for his arrest.*   When the El Paso County Court received his February 2010 mailing, the defendant was still a fugitive on this warrant, having eluded arrest and having otherwise failed to voluntarily appear before the district court on the case following the December 17th hearing.

(DE 98 at 31)(DE 100 ¶69)(emphasis supplied).

This summary of the procedural history of El Paso County Case 06M1224 is supported by the evidence introduced at trial in this case. The government called Judge Hansen as one of its witnesses and, through her testimony, introduced the El Paso County Court's Register of Action ("ROA") in the case as one of its trial exhibits (Govt. Trial Ex. 325). Judge Hansen testified about the procedural history of the case both based on her recollection and using the entries of the ROA. As the ROA's entries for December 5 through December 14, 2007 reflect, Judge Hansen ordered the defendant to appear for a December 14, 2007 hearing following the issuance of a letter to the defendant advising him that his appeal of El Paso County Case 06M1224 had been dismissed. The entries reflect that the judge would issue a bench warrant if the defendant failed to appear for the hearing and that is what ended up happening on the December 14th when the defendant failed to appear for the hearing.

At that point, there was no appeal pending, and Judge Hansen's trial testimony reflects that the only thing remaining in the case from the El Paso County Court's perspective was to remand the defendant or order him to surrender for the service of the remainder of his 90-day jail sentence. Judge Hansen advised government prosecutors and case agents and indicated in trial testimony that the purpose of scheduling the December 14th hearing, in her mind, was to have the defendant appear in person before her to facilitate his completion of this jail sentence.[2] The defendant's failure to report for this hearing was the functional equivalent of his failure to report for the completion of an imprisonment sentence. As set forth in both the Government's Sentencing

---

[2] The foregoing is based on the undersigned government counsel's recollection of Judge Hansen's trial testimony. The government is prepared to order and exhibit the transcript of Judge Hansen's trial testimony in the event that it is unclear to the Court or the defendant that these points were made in Judge Hansen's testimony.

Statement and the offense conduct section of the provisional PSIR, the defendant engaged in much of his offense conduct in this case after his failure to appear for this December 14, 2007 hearing.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


s/Kenneth M. Harmon
By:   Kenneth M. Harmon
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 14th day of February, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I further caused to be mailed a copy of the foregoing to the defendant at the following address:

Michael-destry Family of Williams
Reg. No. 39714-013
Federal Detention Center
9595 W. Quincy Avenue
Littleton, CO 80123

                                        s/ Andrea K. Hough
                                        Office of the United States Attorney