IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 12-cr-140-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. MICHAEL DESTRY WILLIAMS

        Defendant.

## MOTION FOR REVOCATION OF THE DETENTION ORDER[1]

Counsel appointed on behalf of Mr. Williams urges this Court to reconsider the previous ruling related to the detention of Mr. Williams and find that in-home detention is appropriate. In support counsel states as following:

### Relevant Procedural and Background Facts

1. Mr. Williams was convicted of three counts of tax evasion, in violation of Title 26, United States Code, Section 7201(Counts 1-3); one count of structuring transactions to evade currency reporting requirements, in violation of Title 31, United States Code, Section 5324(a)(3) (Count 4); two counts of bank fraud, in violation of Title 18, United States Code, Section 1344 (Counts 5-6); three counts of passing fictitious financial instruments or obligations, in violation of Title 18, United States Code, Section 514 (Counts 7-9); and one count of corruptly

---

[1] Defense counsel conferred with both U.S. Attorney Andrea Surratt and Probation Officer Joel Nelson prior to filing this motion both objected to Mr. Destry-Williams release.

   interfering with the administration of the internal revenue laws, in violation of Title 26, United States Code, Section 7212(a)(Count 10). All non-violent offenses.

2. Mr. Williams was sentenced to a total term of 71 months imprisonment followed by a total of five years of supervised release. (ECF Doc. # 107). Mr. Williams successfully served his 71 months of imprisonment.

3. Mr. Williams' case is before this court for a violation of supervised release. (ECF Doc. # 136). Mr. Williams was arrested on October 15, 2019, at his home, pursuant to warrant after failing to appear on September 13, 2019. (ECF Doc. #122). As of the filing of this Motion, Mr. Williams has been in custody 5 months and 25 days.

4. On October 21, 2019, Mr. Williams appeared on a petition to revoke his supervised release. The Government moved for detention pursuant to Federal Rule of Criminal Procedure 32.1, which incorporates 18 U.S.C. § 3143 (a)(1). (ECF Doc. #131). On that date, Magistrate Crews ordered the detention of Mr. Williams concluding that the defendant failed to establish by clear and convincing evidence that he will not flee or that he is not a danger to any other person or the community. (ECF Doc. # 131)

5. On October 25, 2019, this Court set a final hearing for Revocation of Supervised Release for January 23, 2020. (ECF Doc. #132).

6. On January 23, 2020, the Court was unable to hold the hearing due to Mr. Williams' disruptions. (ECF Doc. # 138). The Court permitted defense counsel to withdraw, ordered new counsel be appointed, and that hearing will proceed with new counsel regardless of Mr. Williams' disruptions. (ECF Doc. # 138).

7. The final hearing was scheduled for April 1, 2020. (ECF Doc. # 146). However, on March 13, 2020 due to the COVID-19 pandemic, that hearing was vacated. (ECF Doc. # 147). The hearing has been rescheduled to May 26, 2020, at 11:00, the soonest available date. (ECF Doc. # 148). On May 26, 2020, Mr. Williams will have been in custody for 7 months and 11 days.

8. If the Court finds that Mr. Williams has violated his supervise release, the Government has indicated that they will be seeking 11 months incarceration. (ECF Doc. # 137). Pursuant to the supervised release violation report, the Guideline range for custody is 5 to 11 months. (ECF Doc. # 136).

9. Defense counsel has attempted to communicate with Mr. Williams and even a family member regarding an alternative to detention, those attempts have been unsuccessful. However, defense counsel *presumes* that Mr. Williams would be permitted by family to return to the home in Pueblo, Colorado considering the support exhibited by family in attempts to file documents on his behalf. Defense counsel further *presumes* that the necessary technology exists in that home which would permit communication and GPS monitoring for purposes of in-home detention as defense counsel (and the U.S. Attorney) did receive an email from a family member.

10. Defense counsel raises the issue of detention because of health concerns for Mr. Williams. Mr. Williams is 55 years old[2]. Per, Center for Disease Control and Prevention, older adults are at a higher risk of getting sick from COVID-19[3]. He is currently held at the Denver Contract Detention facility in Aurora. As of April 9,

---

[2] https://www.bop.gov/inmateloc/
[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html

2020, no inmates had tested positive for COVID-19 but two employees had tested positive for COVID-19[4].

11. In 2013 in a motion by the Government requesting a physical and mental examination of Mr. Williams, Mr. Williams is quoted as stating "I am permanently disabled American and have mercury poisoning and an infection in my chest to head, I am under the weather as they say." (ECF Doc. # 31, p. 2). The Government noted that in 2013 Mr. Williams appeared to be "laboring under some sort of physical ailment", that he was observed grimacing. (ECF Doc. # 31, p. 2). After review of Doctors Fukutaki and Kraus' findings this Court concluded that Mr. Williams did not suffer from mercury poisoning and that he did not have any physical ailments that rendered him mentally incompetent. (ECF Doc. # 55 p. 2). This conclusion, however, does not resolve chronic physical ailments that *could* make Mr. Williams more vulnerable to COVID-19 presently in 2020. Defense counsel does not have permission to view the pre-sentence reports (ECF Docs. ## 103 and 104) in this case that could also shed light on physical ailments that could impact Mr. Williams today.

12. Defense counsel recognizes that these ailments occurred in 2013 and without the opportunity to observe or communicate with Mr. Williams any argument that these ailments continue today would be a presumption. Perhaps the AUSA and the Court are in a better position to account for more recent observed physical ailments?

---

[4] https://www.ice.gov/coronavirus

## Legal Authority and Analysis

13. "If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.18 U.S.C.A. § 3145.

14. § 3145 does not require that new information be available before a release or detention order can be reconsidered and revoked. *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) (holding that district court has the authority to review a magistrate's release or detention order).

15. The decision to detain or release is authorized by Federal Rule of Criminal Procedure 32.1 which states:

    > The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.

16. As the parties are aware, Attorney General Barr, on March 26, 2020, set forth criteria for prioritizing home confinement in response to the COVID-19 pandemic[5]. The criteria for consideration included:

    a. Age and vulnerability of the inmate to COVID-19,

    b. Security level of the facility;

    c. Inmates conduct while in prison;

---

[5] https://www.scribd.com/document/453777104/COVID-19-BOP-Memo-Re-Home-Confinement-2020-03-26

    d. The inmate's PATTERN score;

    e. Re-entry plan;

    f. Crime of conviction;

17. Defense counsel unfortunately has limited information about Mr. Williams. However, the facts that are known support reconsideration of detention in this case. Mr. Williams is detained in the Denver Contract Detention Facility, a medium security facility. He is 55 years old with prior health complaints and concerns documented in case history. Mr. Williams was convicted of non-violent offenses. He has already served his sentence. He is in custody now for failing to communicate and participate with his probation officer. A non-violent violation of Supervised Release poses a minimal risk to society.

18. Defense counsel recognizes that this case and Mr. Williams present unique circumstances. However, perhaps more unique are the risks associated with imprisonment during this unprecedented COVID-19 pandemic;  that under such unique circumstances an individual would do everything in their control to get out of custody and to the safety of their home and everything in their power to stay out of custody. It is this theory that supports the conclusion that Mr. Williams will not flee or present a risk to society.  Further, when Mr. Williams was arrested for violation of supervised release, law enforcement authorities were able to locate him at his house. This fact is only presented for the purpose of showing that Mr. Williams did not flee and is therefore unlikely to flee.

19. For the foregoing reasons and in light of the exceptional circumstances that exists at this time, defense counsel requests this court reconsider the previous order for detention.

                                                      Respectfully submitted,

                                                      *s/ Kelly Meilstrup*
                                                      KELLY L. MEILSTRUP
                                                      1600 Stout Street #1400
                                                      Denver CO 80202
                                                      858-204-6375
                                                      KellyM@2nd-chair.com
                                                      Attorney for Defendant

## CERTIFICATE OF SERVICE

   I, hereby certify that on April 9, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interest parties and the following:

Andrea Surratt
Assistant United States Attorney
Andrea.Surratt@usdoj.gov

               *s/ Kelly Meilstrup*
               KELLY L. MEILSTRUP
               Attorney for the Defendant