IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 12-cr-140-CMA
UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL DESTRY WILLIAMS

    Defendant.

---

### DEFENDANT"S SENTENCING STATEMENT

---

Defense counsel, on behalf of Mr. Destry-Williams, files this sentencing statement. This statement is consistent with the Court's prior order (ECF #146) requiring the defense to file a sentencing statement no later than 7 days prior to the Supervised Release Revocation Hearing. The Supervised Release Revocation Hearing is scheduled for July 9, 2020, at 10:00 AM.

### Position in Response to the Allegations

1. Without communication with Mr. Destry-Williams, despite repeated attempts, the only position the defense can take is to deny the allegations.

### Sentencing Position

2. If Mr. Destry-Williams is found to be in violation of his Supervised Release, defense counsel will request that this court issue a sentence of time-served for Mr. Destry-Williams without an additional term of supervised release.

3. Mr. Destry-Williams was convicted of three counts of tax evasion, in violation of Title 26,United States Code, Section 7201(Counts 1-3); one count of structuring

transactions to evade currency reporting requirements, in violation of Title 31, United States Code, Section 5324(a)(3) (Count 4); two counts of bank fraud, in violation of Title 18, United States Code, Section 1344 (Counts 5-6); three counts of passing fictitious financial instruments or obligations, in violation of Title 18, United States Code, Section 514 (Counts 7-9); and one count of corruptly interfering with the administration of the internal revenue laws, in violation of Title 26, United States Code, Section 7212(a)(Count 10). (ECF #107).

4. These convictions are non-violent offenses and serve as Mr. Williams' only felony convictions.

5. Based on these convictions, Mr. Destry- Williams was sentenced to 71 months incarceration and served that sentence completely. Mr. Destry- Williams was also sentenced to serve three years of supervised release for Counts 1 through 4, five years for Counts 5 through 9 and one year for Count 10, all terms to run concurrently. (ECF #107, p.4).

6. Mr. Destry- Williams' alleged violations include failure to report and submit written reports, failure to pay fines and restitution, failure to participate in treatment. (ECF #115). These violations are all Grade C violations, the lowest level violation possible. USSG § 7B1.1.

7. Mr. Destry-Williams has been in custody on this supervised release revocation since October 15, 2019. As of the filing of this motion, Mr. Destry-Williams has been in custody for 261 days or 8 months and 17 days. Mr. Destry-Williams is not being held on any other case.

8. The Guideline Provision for a class C violation with Criminal History Category III is 5 to 11 months. USSG §7B1.4 (a). An 8 ½ month sentence serves as a significant penalty for a non-violent and lowest grade violation. An additional term of supervised release is unwarranted in this case because of the significant time spent in prison and also the burden Mr. Destry-Williams would create for U.S. Probation as he is likely reject Probation's authority.

9. Defense counsel does not argue that Mr. Destry-Williams has been deterred; this can only occur once Mr. Destry-Williams decides to make decisions that are in his best interest consistent with the laws of the United States. Based on review of the Pre-sentence report from 2014, Mr. Destry-Williams has the education, intelligence, and skill sets to live a law-abiding life, if he chooses to do so.

10. Next, and most important, the unanticipated circumstances presented by the spread of COVID-19 pose an undeniably serious threat to nearly every person across the globe, and particularly to those who comprise certain high-risk populations. So great is the threat of COVID-19 that authorities required citizens to stay safe by staying home and away from others by a distance of at least six feet. Older persons, persons with weakened immune systems and those with underlying health problems have had to take ever greater precautions because of the uniquely dangerous aspects of this virus. Moreover, COVID-19 poses unique risks in population-dense prison facilities.[1]

11. Mr. Destry-Williams is currently held at the GEO facility in Aurora. Based on reports from United States Marshalls, as of July 1, 2020, 13 ICE inmates tested

---

[1] *See* Federal Bureau of Prisons, COVID-19 Action Plan (Mar.13, 2020), https://www.bop.gov/resources/news/20200313_covid-19.jsp

positive for COVID-19, 1 staff member tested positive for COVID-19, and 1 prior U.S. Marshall inmate tested positive for COVID-19 but has since been returned to general population.

12. Colorado has recognized that health care settings and correctional settings pose the greatest risk for COVID-19 outbreaks[2].

13. The Attorney General on March 26, 2020, also recognized the risks of detention in his order to prioritize home confinement as an appropriate response to the COVID-19 pandemic[3].

14. Mr. Destry-Williams is a 56-year-old man with an unclear medical history. During the pre-sentence investigation in 2014, probation learned from Mr. Williams' mother that Mr. Williams was in poor health requiring ongoing medical care. (ECF #100, p. 42). With little known about Mr. Williams' medical history, it would be difficult to conclude that he is part of an at-risk community, however, the ambiguity also prevents the conclusion that he is not at-risk. Nonetheless, detention facilities by their very nature pose great risk because of the difficulty in social distancing and limitations on personal protective equipment (PPE) for inmates and staff. The conclusion can be made that the safest environment for Mr. Williams is out of custody. Additionally, the pandemic setting within the detention center makes incarceration that much more difficult and uncomfortable. In other words, this is the worst possible time to be in custody.

15. For these reasons, defense counsel on behalf of Mr. Williams, respectfully requests this court sentence Mr. Williams to time-served if he is found in violation

---

[2] https://covid19.colorado.gov/data/outbreak-data
[3] https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf

of his Supervised Release. A time-served sentence is consistent with 18 U.S.C § 3585 (b)- Credit for Prior Custody and also serves as a sufficient but not greater than necessary sentence consistent with 18 U.S.C § 3553.

Respectfully submitted

*s/ Kelly Meilstrup*
KELLY L. MEILSTRUP
1600 Stout Street #1400
Denver CO 80202
858-204-6375
KellyM@2nd-chair.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I, hereby certify that on July 2, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interested parties and the following:

Andrea Surratt
Assistant United States Attorney
Andrea.Surratt@usdoj.gov

Service will also be provided by mail to
Mr. Destry-Williams
at the GEO Facility.

*s/ Kelly Meilstrup*
KELLY L. MEILSTRUP
Attorney for the Defendant