IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-140-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL DESTRY WILLIAMS,

    Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING STATEMENT

The United States of America, by and through undersigned counsel, respectfully submits the following response to the defendant's sentencing statement (Dkt #166):

1. On August 27, 2019, the Probation Department filed a Petition alleging that the defendant violated the terms of his supervised release.  (Dkt #115).

2. The Government expects that the defendant will not admit any of the three specifications alleged in the Petition, and intends to call the Probation Officer as a witness at the July 9, 2020 hearing in this matter.

3. If the Court ultimately finds that the defendant violated his supervised release as alleged in the Petition, the Government intends to ask for a sentence of 11 months' incarceration, as recommended in the Violation Hearing Report.  (Dkt #136).  The Government does not intend to ask for an additional term of supervised release.

4. Counsel for the defendant indicates that she intends to seek a sentence of time served for the defendant, which amounts to approximately 8½ months in custody.

(Dkt #166, ¶ 8).  The defendant acknowledges that he has not be deterred, but instead seeks a sentence of time served based primarily on the risk posed by COVID-19.  As explained in the Government's response to the defendant's motion for reconsideration of his detention order, which was also based on COVID-19, the defendant has not presented any evidence of health issues that make him particularly susceptible to the virus.  (Dkt #152).  Moreover, the facility at which the defendant is being held—GEO, in Aurora—has only one reported case of COVID-19 among federal prisoners as of July 2, 2020.  Though additional cases have been reported among ICE and state prisoners (four, as of July 2, 2020), those prisoners do not have contact with federal prisoners such as the defendant.  The COVID-19 pandemic should not serve as a basis for leniency in sentencing for this defendant.

5.      Counsel for the defendant also argues that no additional term of supervised release should be imposed because "of the significant time spent in prison and also the burden Mr. Destry-Williams would create for U.S. Probation as he is likely to reject Probation's authority." (Dkt #166, ¶ 8).  The Government reluctantly agrees with the sentiment that the defendant will continue to refuse the authority of the Probation Department, as he continues to do with respect to the Court.  Though the Government is loath to reward poor behavior, there is no conceivable set of circumstances in which the Government believes that the defendant will abide by the terms of his supervised release, if sentenced to an additional term.  The Probation Department's resources should be conserved for defendants who have some chance of benefiting from Probation's time and attention.  Instead, the Government seeks a sentence of 11

months incarceration, and will not ask the Court to re-impose a term of supervised release.

Respectfully submitted this 2nd day of July, 2020.

                                    JASON R. DUNN
                                    United States Attorney

By:    *s/ Andrea Surratt*
         Andrea Surratt
         Assistant United States Attorney
         U.S. Attorney's Office
         1801 California St., Suite 1600
         Denver, CO 80202
         Telephone: (303) 454-0100
         e-mail:  Andrea.Surratt@usdoj.gov
         Attorney for the Government