1

1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLORADO
2
   Case No. 12-cr-00140-CMA-1
3  _____

4  UNITED STATES OF AMERICA,

5  Plaintiff,

6  vs.

7  MICHAEL DESTRY WILLIAMS,

8              Defendant.

9  _____

10             Proceedings before S. KATO CREWS, United States

11 Magistrate Judge, United States District Court for the

12 District of Colorado, commencing at 3:36 p.m., October 21,

13 2019, in the United States Courthouse, Denver, Colorado.

14 _____

15             WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16 ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

17 _____

18                          APPEARANCES

19             ANDREA SURRATT, United States Attorney, appearing

20 for the Plaintiff.

21             MARTHA ESKESEN, Attorney at Law, appearing for the

22 Defendant.

23 _____

24        PRELIMINARY REVOCATION AND DETENTION HEARING

25

2

```
1                 P R O C E E D I N G S
2              (Whereupon, the within electronically recorded
3    proceedings are herein transcribed, pursuant to order of
4    counsel.)
5              THE COURT:  Okay, I'm going to call 12-cr-140,
6    United States vs. Michael Destry Williams.  And I'll take
7    appearances of counsel.
8              MS. SURRATT:  Good afternoon, Your Honor.  Andrea
9    Surratt for the Government.
10             THE COURT:  Good afternoon.
11             MS. ESKESEN:  Good afternoon, Your Honor.  Martha
12   Eskesen appearing as CJA counsel.  Mr. Williams intends to
13   represent himself.
14             THE COURT:  Okay, understood.  Good afternoon,
15   Counsel.  Good afternoon, sir.
16             MR. WILLIAMS:  Trustee Crews.
17             THE COURT:  Good afternoon, sir.  All right, before
18   we get started, I want to make some things clear for the
19   record.  So we're here today for two important hearings:  A
20   preliminary revocation --
21             MR. WILLIAMS:  Excuse me, Your Honor, I need to
22   make a statement before you move on.
23             THE COURT:  All right.
24             MR. WILLIAMS:  Or excuse me, Trustee, I need to
25   make a statement.
```

3

1        THE COURT:  I need to make my record for a moment.

2    When I'm finished, then you'll be able to make your

3    statement.

4        We're here for two important hearings:  Preliminary

5    revocation hearing and a detention hearing.  Before we

6    proceed with those hearings, I think it's important to

7    address what is or is likely to become the elephant in the

8    room, which is the issue of Michael Destry's competency to

9    represent himself or face these proceedings.

10        I have questions over his competency based on his

11    unorthodox statements and behavior before this Court during

12    his initial appearance last week.  Since then I've read

13    transcripts from the docket in this matter where Michael

14    Destry appeared before Judges Hegarty, Tafoya and Arguello.

15    Those transcripts are at ECF Numbers 39, 49, 52 and 53.

16        I note that Judge Tafoya questioned his competency

17    back then and that Judge Arguello sua sponte ordered a

18    competency and physical medical examination of Michael Destry

19    in the underlying criminal case.  I also note that in the

20    docket at Number 55, Judge Arguello issued her order

21    regarding competency and in that order she wrote the

22    following.

23        Quote:  The Court is able to determine that there

24    is no evidence that Mr. Williams has suffered mercury

25    toxicity as he alleges or that he has any physical

4

1    impairments that render him incompetent.  Although this Court

2    was concerned about Mr. Williams' bizarre filings and refusal

3    to accept mail from the court, the Government and his own

4    attorney, Dr. Fukutaki's conclusion was that defendant's

5    disinclination to adhere to the Court's instructions and to

6    courtroom protocol as the result of his belief that he is not

7    subject to the rule of law of the United States of America or

8    to the authority of this Court, rather than to a mental

9    illness or cognitive impairment, end quote.

10          Judge Arguello ultimately found Michael Destry

11   competent to stand trial and her order in this regard issued

12   on September 16, 2013, so that's over six years ago.

13   However, from this Court's review of the available

14   transcripts that I referenced and this Court's appearance

15   with Michael Destry last week at his initial appearance, the

16   Court perceives no discernible difference in Michael Destry's

17   behavior then and now to suggest that the underlying finding

18   and determination of his competency is no longer valid.

19   Therefore, this Court intends to proceed with the hearings

20   today based on the prior evaluation and finding that Michael

21   Destry's disinclination to adhere to the Court's instructions

22   and to courtroom protocol is the result of his belief that he

23   is not subject to the rule of law of the United States of

24   America or to the authority of this Court, rather than to a

25   mental illness or cognitive impairment.

5

1          Judge Arguello, of course, may choose to do what

2    she wants and revisit this issue prior to his revocation

3    hearing, but for purposes of the hearings set today or that

4    are before me, that is the basis upon which this Court

5    intends to proceed.

6          Sir, I understand you have a statement you would

7    like to make.

8          MR. WILLIAMS:  Again, I am not your corporate

9    defendant.  I am an American National.  I am not a United

10   States 14th Amendment corporate citizen.  I am a sole foreign

11   beneficiary of your claimed defendant SQV trust, the name

12   MICHAEL DESTRY WILLIAMS in all capital letters, recorded and

13   recognized.

14         And, sir, I am under the law, official law of this

15   nation.  I am not under your special law of your corporation,

16   so the comment you made was a lie and a fraud for everybody

17   to hear and make a statement on that as a criminal complaint.

18         So as anyone can study and know, just when Congress

19   even asked certain individuals like Cavanan, Corsich and Comy

20   (ph), the difference between judicial law and special law,

21   there is a difference as they stated, and as Comy was asked,

22   is there a difference between judicial law and special law of

23   your corporation, and he said, yes.

24         So as I don't think that I'm above anybody.  I'm an

25   American National, a state's own citizen, not within your

6

1    corporate federal jurisdiction.  I'm not a citizen of D.C.,

2    I've never been employed by your federal corporation, and,

3    therefore, I have full rights under the Constitution,

4    especially the 7th Amendment of the Constitution where it

5    guarantees me suits in common law, and I have demanded from

6    the start of these commercial proceedings all the way back

7    and the commercial court, commercial corporate court never

8    produced or obtained personam or subject matter jurisdiction

9    lawful procedures.

10         You keep committing fraud, extortion, conspiracy

11   and warring against the Constitution, warring against the

12   American people, denying us a republic form of government,

13   Article 4, Section 4.

14         So the point now you're committing treason because

15   you're doing it knowingly, willingly with full intent, with

16   making statements that you think I'm incompetent because I

17   believe I'm not under the law.  I'm under the judicial law.

18   I am an American National, and I demand again that someone

19   from my consult be called and an officer be present.

20         And I demand and again inform you to cease and

21   desist all of your criminal activity and to bring me in front

22   of a judge of judicial constitutional common law authority as

23   we are guaranteed.  Failure to do that is prima facie

24   evidence of your criminal action, and at no time will I

25   appear to participate in your corporate rules or your

7

1   corporate procedures.  It has nothing to do with me.

2           I am an American National.  You are ordered to

3   cease and desist and to let me go and free me to the street.

4   You are ordered to do that, Trustee Crews.

5           THE COURT:  Okay, sir, I understand that you may

6   have certain defenses.  You certainly have certain rights in

7   your case.  I understand that you are not -- you intend end

8   to represent yourself, you do not want the Court to appoint

9   counsel to represent you in the proceedings that will occur

10  in this matter; is that correct?

11          MR. WILLIAMS:  Sir, you haven't established

12  jurisdiction yet.

13          THE COURT:  Okay, sir, you can make your record.

14  I'm going to proceed to make my record.

15          MR. WILLIAMS:  And I will correct you when you're

16  incorrect.  You have not obtained jurisdiction over an

17  American National.  In your court there is no court, Trustee,

18  okay.

19          THE COURT:  So, sir, are you looking to

20  represent --

21          MR. WILLIAMS:  This is not a lawful court of the

22  people.

23          THE COURT:  Are you looking to represent yourself

24  in this case?

25          MR. WILLIAMS:  I'm not representing anything

8

1    because I am not standing under your charges.

2              THE COURT:  Okay.

3              MR. WILLIAMS:  I don't agree.

4              THE COURT:  Sir, I understand you do not agree, but

5    you are charged with matters in this case.  This matter is

6    proceeding in the U.S. District Court for the District of

7    Colorado.  You have certain rights available to you in this

8    case and so what I need to know is whether or not you are

9    choosing to represent yourself in this case.  Ms. Eskesen has

10   indicated that you are.  I'm asking you to confirm whether

11   that is in the case, sir.

12             MR. WILLIAMS:  Ms. Eskesen is incorrect.  She is

13   here as assistance of counsel under the 6th Amendment to

14   witness the crimes that are being perpetuated here.

15             At no time do I agree or understand your charges,

16   and I will not stand under your charge and I will not agree

17   to any one of them.

18             THE COURT:  Sir, Judge Arguello had provided you

19   with your Faretta advisement in your underlying proceedings

20   prior to appointing Ms. Eskesen at that time as advisory

21   counsel so that you could represent yourself.  I am going to

22   go through the same colloquy and ask you questions to ensure

23   that you have received your Faretta advisement.

24             So, sir, can you read and write English language?

25             MR. WILLIAMS:  Again, sir, I will not stand under

9

1    your commercial, special law, color of law charges.

2            THE COURT:  Sir, can you read and write the English

3    language?

4            MR. WILLIAMS:  Sir, I will not stand under your

5    commercial charges.

6            THE COURT:  Sir, these are not charges.  These are

7    simply questions to get at the issue --

8            MR. WILLIAMS:  I will not participate with your

9    court report.

10           THE COURT:  -- of your counsel representation.

11           MR. WILLIAMS:  United States District Court of the

12   United States that you sit here is a privately held

13   corporation.  It is not a judicial court.

14           THE COURT:  So the Court will note the defendant's

15   attempt to obstruct this Court from providing him with his

16   Faretta advisement.  In that regard, the Court will defer to

17   the record -- the underlying record where Judge Arguello in

18   one of the transcripts I referenced previously provided this

19   same defendant with his Faretta advisement prior to

20   appointing Ms. Eskesen as advisory counsel, thus allowing the

21   defendant to continue with representation of himself.

22           Therefore, Ms. Eskesen, I'm not sure procedurally

23   whether I need to have you withdraw to the extent you had

24   been formally appointed previously.  I would like to appoint

25   you as advisory counsel to assist -- to assist Mr. Williams

10

1    in the context of his case since he will be allowed to

2    proceed pro se -- on his own.

3          MS. ESKESEN:  Your Honor, I note that my initial

4    appointment last week was as full counsel under the Criminal

5    Justice Act.  I'm aware that, given the circumstances, that

6    I'm in a very difficult position here obviously; that I do

7    need to withdraw because Mr. Destry Williams has indicated

8    that he does not wish to have me represent him in the sense

9    of how a representation under the Criminal Justice Act was to

10   occur.

11         I'm happy to assist in any manner that I can assist

12   if the Court does want to appoint me in some capacity, and

13   obviously Mr. Destry Williams does not agree with the whole

14   process, how it works.  I will do whatever is required of me.

15         THE COURT:  Okay, thank you.  I will grant your

16   request to withdraw as full counsel representing

17   Mr. Williams.  I will appoint you as stand-by counsel to

18   assist him or to replace him if the Court determines that

19   during his proceedings before this Court or if Judge Arguello

20   determines at any proceedings in front of her that

21   Mr. Williams can no longer be permitted to proceed pro se.

22         So I am appointing you as stand-by counsel to

23   deliberate and engage in conversations with Mr. Williams as

24   he may see fit.

25         Let me ask you this, Ms. Eskesen:  You did file --

1  you submitted a filing indicating a 60-day request for some

2  form of time extension.

3          MS. ESKESEN:  That was at Mr. Destry Williams'

4  request, Your Honor.  He indicated that he did not want to

5  have court proceedings this soon.  I think, however, and the

6  Court can inquire of him, that that is with respect to having

7  a hearing before Judge Arguello.

8          THE COURT:  Okay.  Is that the case, sir, that you

9  are looking for a 60-day extension in terms of the

10  proceedings before Judge Arguello?

11          MR. WILLIAMS:  Statements that happen between you

12  and Ms. Eskesen was incorrect.  Fraudulent and at no time

13  have I agreed to hire as counsel.  She is (inaudible) as

14  corporate counsel.  She is assistant counsel underneath the

15  Constitution and only the Constitution in common law.  And at

16  no time do I agree or will I participate in your corporate

17  charges.

18          THE COURT:  Okay, sir, we're here today for a

19  preliminary hearing to determine whether there is probable

20  cause to believe that you have committed the offenses alleged

21  against you in the petition and also for a detention hearing

22  to determine whether there are any combination of conditions

23  that I may impose to assure your appearance as required and

24  to provide for the safety of the community in the event of

25  your release.

1          Are you prepared to proceed today with those

2    hearings, sir?

3          MR. WILLIAMS:  Again, Trustee Crews, your surety is

4    sitting right there at the table.  I am the beneficiary.  At

5    no time do I give you permission to continue.  I will not

6    stand under your charges, I do not stand your charges.  I am

7    an American National and I demand to be let free to the

8    street.

9          THE COURT:  Okay, the record will reflect that

10   Mr. Williams appeared last week for an initial appearance

11   where he was afforded all the matters that occur at an

12   initial appearance.  At that time the Government requested

13   that a three-day extension for a -- for the detention and

14   preliminary hearings, which we have set those matters over

15   for today and we will proceed today with those hearings.

16         Mr. Williams has heard to say that he is demanding

17   his release and the appropriate time to address such a

18   request is at a detention hearing.  What is the Government's

19   position on detention?

20         MS. SURRATT:  The Government seeks detention, Your

21   Honor.

22         THE COURT:  Okay.  And does the Government have

23   evidence to present on the subject of detention?

24         MS. SURRATT:  Yes, Your Honor.  The Government

25   calls United States Probation Officer Travis Cormeney to

1   present evidence on both the issue of the preliminary hearing

2   and the detention hearing.

3          THE COURT:  Okay.

4          MR. WILLIAMS:  To and for the record, you're

5   continuing in treason and in violation and warring against

6   the Constitution and Secretary of State.  You have failed to

7   look at my citizenship.  My documents have been sent to you

8   and show from the Secretary of State of the United States I

9   am an American National.  You are continuing without my

10  consent.  You are doing it knowingly, willingly, with full

11  intent of criminal action.  You are ordered to cease and

12  desist again and release the American National to the street.

13         THE COURT:  Okay, sir, you can make whatever

14  arguments you want to make, whatever proffers of evidence you

15  want to make when it is your turn to present your evidence as

16  part of this detention hearing.  At the moment the Government

17  is proceeding with their presentation of evidence.

18         MR. WILLIAMS:  (Inaudible).

19         MS. SURRATT:  Your Honor, the Government calls the

20  probation officer.

21         THE COURT:  Okay.  Sir, if you'll please -- I'll

22  have you take the witness stand.  If you'll stand here in

23  order to be sworn in.  Please raise your right hand.

24                 TRAVIS CORMENEY,

25  having been first duly sworn, was examined and testified as

14

1    follows:

2            THE COURT:  All right, thank you, please have a

3    seat.  And would you please state and spell your name form

4    the record, sir.

5            THE WITNESS:  Travis Cormeney, T-R-A-V-I-S

6    Cormeney, C-O-R-M-E-N-E-Y.

7                    DIRECT EXAMINATION

8    BY MS. SURRATT:

9        Q    Sir, where do you work?

10       A    The U.S. Probation Office in Colorado Springs,

11   Colorado.

12       Q    And how long have you been a probation officer?

13       A    Approximately 16 years.

14       Q    And what are your duties and responsibilities in

15   your position?

16       A    I am currently the supervisory probation officer

17   for the Colorado Springs office.

18       Q    And what do you do in that role?

19       A    I supervise five officers that handle the general

20   duties.

21       Q    And are you familiar with a supervisee named

22   Michael Destry Williams?

23       A    Yes, I am.

24       Q    How are you familiar with Mr. Williams?

25       A    Mr. Williams released the supervised release in

15

1    October of 2018 and was assigned to probation officer Joel

2    Nelson out of my office.

3         Q    Are you Officer Nelson's supervisor?

4         A    Yes.

5         Q    And even though Officer Nelson is the officer

6    supervising Mr. William, are you familiar with Mr. Williams'

7    case?

8         A    Yes, I am.

9         Q    And you said a moment ago that the defendant was

10   released to supervision in -- was it August of 2018?

11        A    October.

12        Q    Are you familiar with Mr. Williams' conditions of

13   his supervised release?

14        A    Yes, I am.

15        Q    And we'll get to the conditions in a moment, but

16   has he violated his supervised release conditions since his

17   release on to supervision?

18        A    Yes, he has.

19        Q    I've placed the violation report in front of you

20   marked as Government Exhibit 1.  Do you see that?

21        A    Yes, I do.

22        Q    And do you recognize it?

23        A    Yes.

24        Q    Have you reviewed the violation report?

25        A    Yes, I have.

16

1      Q     And are you familiar with both the report and the

2  facts that underlie each of the allegations?

3      A     Yes, I am.

4      Q     Let's turn to Specification Number 1.  What is the

5  condition of supervised release that underlies Specification

6  Number 1?

7      A     Mr. Williams, per his judgment and as part of the

8  standard conditions of supervision, is to report to the

9  probation officer in the manner and frequency as directed by

10  the court probation officer.  In this specific incident,

11  Officer Joel Nelson had directed Mr. Williams to submit

12  multiwritten reports to the probation office by the fifth of

13  each -- fifth day of each month.

14      Q     And what did Mr. Williams do to violate that

15  condition of his supervised release?

16      A     In April 2019 Mr. Williams sent a notice and demand

17  to cease and desist letter to the probation office indicating

18  that he recognized himself as an American National and not a

19  U.S. citizen and would no longer comply with the conditions

20  of supervision and in this incident specifically submitting

21  his multireport forms.

22      Q     And so since that time has he failed to submit the

23  written reports as required by the condition of his

24  supervised release?

25      A     Yes, he has.

1      Q     Turning to Specification Number 2, what is the

2   condition of supervised release that underlies Specification

3   Number 2?

4      A     Per his original sentencing judgment, he was

5   ordered to make payments toward his fine and restitution as

6   directed by the probation officer, and again since his

7   release, the supervised release, even though he has been

8   instructed on numerous occasions, he has wilfully failed to

9   pay anything towards his restitution.

10     Q     And in fact, looking to the final paragraph of

11  Specification Number 2, on his monthly reports, has he been

12  claiming that no lawful bill under Article I, Section 10 has

13  been served on him as the sole foreign beneficiary in lieu of

14  actually paying his obligated restitution?

15     A     That is correct.

16     Q     Turning to Specification Number 3, what is the

17  condition of supervised release underlying that

18  specification?

19     A     Per his sentencing judgment, the Court had ordered

20  special conditions, specifically to participate in substance

21  abuse and ward mental health treatment as directed by the

22  probation officer, and upon Mr. Williams' release to

23  supervision, he was directed on numerous occasions by

24  Probation Officer Joel Nelson to attend a substance abuse and

25  mental health assessment.  He did appear once at our

1    contracted agency; however, he wouldn't cooperate with the

2    assessment in the matter that he would sign his documents

3    under threat, duress and coercion, so the treatment agency

4    could not treatment.

5          Officer Joel Nelson gave him directions to obtain

6    an assessment on his own and gave him a timeline, which

7    Mr. Williams failed to comply with.

8    Q    And have you reviewed with Officer Nelson all the

9    allegations contained in Government Exhibit 1?

10   A    Yes, I have.

11   Q    And do you agree with Officer Nelson's assessment

12   that Mr. Williams has violated these conditions of his

13   supervised release?

14   A    Yes, I do.

15         MS. SURRATT:  Your Honor, the Government office

16   Government Exhibit 1 as part of its probable cause as to

17   whether or not there is probable cause to believe the

18   defendant violated his conditions of supervised release.

19   Whether or not it's actually admitted to evidence doesn't

20   matter, it's part of the docket anyway, Your Honor.

21         THE COURT:  It's part of the docket.  The Court

22   will take judicial notice of the petition.

23   Q    (By Ms. Surratt)  Officer, after Mr. Williams

24   violated the conditions of supervised release, as you just

25   outlined, did the probation -- probation department seek a

1    summons from Judge Arguello?

2        A    Yes, we did.  We submitted a petition in August 27,

3    2019 requesting a summons for hearing on alleged violations

4    of supervised release, which was ordered on August -- on the

5    same date, August 27, 2019.

6        Q    And that's also on the docket, but for convenience,

7    I've marked that and placed it in front of you as Government

8    Exhibit 2.

9            Why did the probation department seek a summons

10   instead of an arrest warrant, at least initially?

11       A    Initially, the violations of supervised release

12   were considered to be nonviolent, to be mostly just

13   uncooperative and not want to comply, so we made the

14   determination to give Mr. Williams an opportunity to appear

15   in court on his own accord.

16       Q    Were -- was the summons eventually served on

17   Mr. Williams?

18       A    Yes, it was.

19       Q    And were you there when the summons was served on

20   Mr. Williams?

21       A    Yes, I was.

22       Q    When was that?

23       A    That was on September 6, 2019.

24       Q    And can you describe what happened on that day when

25   there was an attempt to serve the summons on Mr. Williams?

20

1     A     Yes.  On that date Officer Joel Nelson and myself

2   went to Mr. Williams' reported residence.  Upon meeting with

3   him, he asked us if we were there to arrest him.  We

4   explained we were not; that we were merely serving him with a

5   summons to appear for violations of supervised release.

6          He indicated that he did not abide by the U.S.

7   Court, that he was an American National.  He went on to

8   explain that he had a lifetime right to bear arms and that we

9   were trespassing on his property and ordered us to leave his

10  property.  So at that point we attempted to leave his

11  property and he followed us out of his yard and to the

12  street.  He again explained that we were trespassing, and if

13  we ever stepped foot on his property again, he would have us

14  charged and convicted of treason and publicly hung.

15         As we left his front gate, Officer Nelson placed

16  the summons in his mailbox.  Mr. Williams became agitated and

17  explained that we were leaving trash on his property.  He

18  grabbed the summons, followed us to our government vehicle

19  and placed the summons under the windshield wiper.

20    Q     On what date and time did the summons require

21  Mr. Williams to appear?

22    A     Just a moment.

23    Q     It's in front of you in Government Exhibit 2.

24    A     He was to appear on September 13, 2019 at 10 a.m.

25    Q     And did he, in fact, make that appearance?

1      A    No, he did not.

2      Q    And when he failed to appear, what happened next?

3      A    At that point a failed to appear warrant was

4    issued.

5      Q    And was that warrant eventually executed and

6    Mr. Williams arrested?

7      A    Yes, it was.  It was executed on October 11, 2019.

8      Q    And as it pertains to the Court's decision on

9    detention in this matter, what happened during the arrest of

10    the defendant?

11      A    It is our understanding with communication with an

12    officer from the task force that executed that warrant that

13    when they made contact with Mr. Williams, he demanded to see

14    a warrant from the real court and then refused to say

15    anything else after that time.  They attempted to book

16    Mr. Williams into a county jail, but because he refused to

17    cooperate with paperwork, they were required to take

18    Mr. Williams to a local hospital to get medically cleared.

19    Again, at the hospital he refused to cooperate with any

20    authorities, so he was taken back to Pueblo County Jail, who

21    refused to accept him, so the U.S. Marshals had to take him

22    to El Paso County Jail in Colorado Springs.

23          MS. SURRATT:  No further questions.

24          THE COURT:  Okay, thank you.  Mr. Williams, do you

25    have any cross-examination questions that you would like to

1    ask of Probation Officer Cormeney?

2           MR. WILLIAMS:  Again, Trustee, (inaudible) I am an

3    American National, okay, and not agreeing or participating in

4    your corporate color of law, special law.  I am a

5    beneficiary.  In my hand I have a writ of habeas corpus in

6    common law and I want to serve it upon you.  How do I do

7    that?  Do I give it to this marshal?

8           THE COURT:  Sir, we're hear for a detention and

9    preliminary hearing.  The Court is not accepting service of

10   documents.  If you have documents you want to introduce as

11   exhibits that bear on the subject of probable cause or your

12   detention, you can enter any exhibits that are appropriate

13   exhibits, if that's what you should choose to do.

14          Sir, I understand you continue to indicate you're

15   refusing to proceed in those proceedings.  As part of the

16   Faretta advisement and questions I attempted to ask you

17   before, which you've refused to answer, and thus, the Court

18   is relying on the advisement you previously received from

19   Judge Arguello.

20          I will further advise you that, in my opinion, a

21   trained lawyer would defend you far better than you could

22   defend yourself in this case.  I think it's unwise of you to

23   represent yourself.  You're not familiar with the applicable

24   law here, sir, you're not familiar with the court's

25   procedures, you're not familiar with the rules of evidence,

1    and I strongly urge you not to try to represent yourself in

2    this case.

3           If you had a lawyer, that lawyer would be able to

4    investigate your case and advise you as to your options.  If

5    you represent yourself, you'll be required to prepare your

6    own defense without the advice of a lawyer, you would be

7    required to do your own legal research and conduct your own

8    investigation, which will be harder for you to do,

9    particularly if you are detained pending your revocation

10   hearing.

11          If you represent yourself, you'll be required to

12   follow the same rules of procedure in evidence as a lawyer

13   would and you will get no special treatment from the Court,

14   even if you do not fully understand what you are doing.

15          If you represent yourself, your opponent will be an

16   experienced and thoroughly trained and prepared attorney who

17   will give you no consideration whatsoever, and you,

18   therefore, could be at an extreme disadvantage and could lose

19   your case.

20          If you represent yourself, you may not be capable

21   of effectively cross-examining witnesses against you, which

22   at this moment pending before you is your opportunity to do

23   cross-examine this witness on the stand.  You will not be

24   capable of effectively presenting all manner of evidence on

25   your behalf, laying appropriate foundations for the

1   admissibility of the exhibits or certain testimony, making

2   appropriate objections at trial or other proceedings, making

3   effective opening statements or closing or other arguments,

4   selecting or addressing the host of other legal or other

5   issues which will inevitably arise over the course of your

6   case.

7          Sir, in light of -- in light of those matters and

8   the difficulty you are likely to incur in representing

9   yourself, do you still desire to represent yourself and give

10  up your right to be represented by counsel?

11         MR. WILLIAMS:  Trustee Crews, you are in dishonor

12  and have no standing.  You're relying upon your corporate

13  procedures here.  Again, I will not agree, I will not stand

14  on your charges.  I do not understand them.  I will have

15  nothing to do with your corporate court.  You are refusing

16  lawful Constitutional documents.  You're warring against the

17  Constitution.  You are in dishonor.  I will not participate

18  and I do not understand your charges.  I will not agree,

19  Trustee Crews.

20         THE COURT:  Sir, do you intend to ask this witness

21  any questions?

22         MR. WILLIAMS:  Trustee Crews, you're in dishonor.

23  I will not agree or participate in your special laws.

24         THE COURT:  Okay.  Based on Mr. Williams'

25  indication that he will not participate, the Court

1    understands that to be him indicating that he does not intend

2    to ask this witness any questions; therefore, sir, you are

3    excused.

4          THE WITNESS:  Thank you, Your Honor.

5          MR. WILLIAMS:  It is your dishonor, sir.

6          THE COURT:  Any other evidence to present,

7    Ms. Surratt?

8          MS. SURRATT:  No, Your Honor, I'll make argument,

9    though, if the Court finds it necessary.

10          THE COURT:  Okay.  Mr. Williams, now is your

11    opportunity to present evidence in your defense on the issue

12    of probable cause.  Do you have any evidence to present on

13    that issue, sir?

14          MR. WILLIAMS:  You've already refused my common law

15    writ.  Because you have not established persona jurisdiction

16    in this matter, I do not stand under your charges, I do not

17    agree to your charges and at no time will I participate in

18    your corporate court.

19          THE COURT:  Okay.  Based on your indicating at no

20    time will you participate, the Court understands that you do

21    not intend to present evidence on the issue of probable

22    cause; therefore, we will proceed to closing arguments.

23          Ms. Surratt, go ahead.

24          MS. SURRATT:  Your Honor, on the issue of probable

25    cause, the probation officer testified that beyond probable

1    cause his testimony would meet even a higher standard that

2    the defendant had three conditions of supervised release in

3    his judgment as outlined in Specifications 1, 2 and 3, and

4    that the defendant violated each of those conditions in the

5    ways and manner alleged in the petition.

6            I have nothing to add to probable cause.  I'll

7    argue on detention, though, if the Court wants to hear it

8    now.

9            THE COURT:  The Government doesn't intend to

10   present anything different on the subject of detention?

11           MS. SURRATT:  No, Your Honor, only to note that the

12   burden -- no, Your Honor, the Government's testimony elicited

13   from the probation officer was intended to cover both the

14   preliminary hearing and the detention argument.

15           THE COURT:  Understood, and I think you were going

16   to in reference that the burden in this instance is on

17   Mr. Williams with respect to detention.

18           MS. SURRATT:  It is, Your Honor, and the Government

19   believes that Mr. Williams is first and foremost a risk of

20   flight.  He obviously failed to appear for the summons and

21   it's clear from his remarks both today and last week that

22   there is no chance that he'll appear if released on bond.

23           He also presents a danger to any law enforcement

24   officers who may have to rearrest him.  He has already

25   threatened the probation officer who left the summons at his

27

1   residence that they are committing treason and that he will

2   have them publicly hung.  He also alluded to guns, that I'm

3   sure which Mr. Williams knows as a convicted felon he is not

4   supposed to have.

5            So on both risk of flight and danger to the

6   community, the Government seeks the defendant's detention.

7            THE COURT:  Okay, thank you.

8            Mr. Williams, do you have any closing argument you

9   would like to make on the subject of probable cause?

10           MR. WILLIAMS:  Again, as the American National, not

11   your United States 14th amendment corporate citizen, I do not

12   understand your charges and I do not agree with them and I

13   will not stand under them.  You are in dishonor.

14           THE COURT:  Okay.  Sir, well, first, taking the

15   subject of probable cause, the Court finds the testimony of

16   Probation Officer Cormeney credible and reliable and the

17   Government has presented sufficient credible and reliable

18   evidence to establish probable cause to establish that the

19   defendant -- or that there is probable cause to believe that

20   the defendant has committed the offenses that are alleged in

21   the petition.  Accordingly, this matter will proceed on the

22   subject of the petition and a revocation hearing.

23           On the subject of detention, Mr. Williams, on the

24   issue of detention, the burden is on you to establish by

25   clear and convincing evidence that you will not flee or pose

```
 1   a danger to any other person or to the community.  The
 2   information or the evidence that the Government presented on
 3   probable cause, they are resting on that in terms of their
 4   evidence on the subject of detention, but the burden is on
 5   you, sir, do you have evidence that you wish to present to
 6   establish by clear and convincing evidence that you are
 7   not -- you will not flee or you will not pose a danger to any
 8   other person or the community.
 9        MR. WILLIAMS:  Trustee Crews, you've already been
10   served all the documents you need that I am an American
11   National and you are continually knowingly and willingly
12   committing every criminal act I've ever seen:  Extortion,
13   conspiracy, violating Article 4, Section 4, not giving a
14   republic form of government or court.
15        Again, sir, you are told to cease and desist.  I
16   will not participate in your corporate court.  I do not
17   understand your special laws and charges, I will not stand
18   under your special laws and charges.  I have demanded to be
19   brought before a true judge of this republic nation, a
20   judicial common law authority in a district court of the
21   United States, the original constitutional court, not your
22   corporate privately held company committing extortion and
23   conspiracy, slavery.
24        You are warring against the American people.  Cease
25   and desist, let this American National go into the street.
```

1    Come into honor.

2              THE COURT:  All right.  Anything else,

3    Mr. Williams?

4              MR. WILLIAMS:  Trustee Crews, you're in dishonor

5    for each time you go through this.  There are enough

6    witnesses here to file a criminal complaint against you all

7    the way up to the republic.  You know, draining the swamp,

8    how long is it going to be before they get down this far?

9              THE COURT:  Okay, I am prepared to make my ruling

10   and I would do so knew.

11             This matter is before the Court on the request of

12   the Government to detain the defendant pending his revocation

13   hearing.  The parties had a fair opportunity to proffer

14   evidence and to be heard on the issue of detention.

15             In considering the Government's request, I'm guided

16   by several general principles.  First, at all times the

17   defendant is entitled to the presumption of innocence.

18   Nothing that takes place or took place in the detention

19   hearing or that I set forth in my findings is intended or

20   should be construed to effect that presumption.  Rather, the

21   purpose of the hearing is to determine notwithstanding that

22   presumption of innocence whether the defendant should be

23   detained pending trial.

24             Second, under the Bail Reform Act, pretrial or

25   prehearing detention is understood to be an exceptional step.

1    Under the Act, the defendant must be released prior to their

2    hearing unless a judicial law officer finds that no

3    conditions or combination of conditions exist -- I'm sorry,

4    actually, this matter is under Rule 32.1, in which case on

5    the subject of detention, the burden of establishing by clear

6    and convincing evidence that the person will not flee or pose

7    a danger to any other person or the community rests with the

8    defendant.

9            In considering the subject of detention in this

10   context, however, I am still guided by the 3142(g) factors

11   under the Bail Reform Act, which include consideration of the

12   nature and circumstances of the alleged offense, the weight

13   of the evidence against the defendant, the history and

14   characteristics of the defendant and the nature and

15   seriousness of a danger to others or the community.

16           In this case, the Court finds that the defendant

17   has not met his burden of establishing by clear and

18   convincing evidence that the person will not flee or pose a

19   danger to any other person or the community.  The Court notes

20   the testimony of Probation Officer Cormeney, which the Court

21   finds credible.

22           Further, the Court notes this defendant's ongoing

23   and continued indication to this Court that he believes that

24   he is not subject to the authority of this Court, he is not

25   subject to these proceedings and he has continually

1    demonstrated, both last week at his initial appearance and

2    these proceedings today and in the underlying procedures from

3    the transcripts in the docket that I have reviewed

4    previously, that he simply does not believe he is subject to

5    anything that occurs in these courts, whether that be before

6    a magistrate judge or a district judge.

7            Therefore, the Court finds that this defendant

8    poses a risk of flight and further finds that the defendant

9    poses a danger to the community insofar as the testimony of

10   Probation Officer Cormeney indicated that this defendant made

11   threats to law enforcement, and the record of the proceedings

12   today would further demonstrate this defendant's threats to

13   judicial law officers and so forth, and, therefore, the Court

14   finds the defendant to be a danger as well and thus finds

15   that there are no condition or combination of conditions that

16   may reasonably be imposed to ensure this defendant's

17   appearance as required or to provide for the safety of the

18   community or another.  Therefore, the Court will order that

19   this defendant be detained pending his revocation hearing.

20           I will order counsel or the parties to Chambers for

21   dates for a revocation hearing.  Is there anything else we

22   need to address on this matter?

23           MS. SURRATT:  No, Your Honor, thank you.

24           THE COURT:  Thank you, we'll adjourn.

25           COURTROOM DEPUTY:  All rise.

32

1          MR. WILLIAMS:  You are a dishonor, Trustee.

2          (Whereupon, the within hearing was then in

3     conclusion at 4:16 p.m.)

4

5

6                    TRANSCRIBER'S CERTIFICATION

7     I certify that the foregoing is a correct transcript to the

8     best of my ability to hear and understand the audio recording

9     and based on the quality of the audio recording from the

10    above-entitled matter.

11

12    /s/ Dyann Labo                    October 29, 2020

13    Signature of Transcriber               Date

14

15

16

17

18

19

20

21

22

23

24

25